# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 14, 2015

## ANDREA KAY HONEYCUTT EX REL. MINOR CHILD, ALEXANDER H. v. JONATHAN HONEYCUTT

**Appeal from the Circuit Court for Davidson County**
**No. 15X259      Hamilton V. Gayden, Jr., Judge**

_____

**No. M2015-00645-COA-R3-CV – Filed March 2, 2016**
_____

This case is an appeal from the grant of an order of protection under Tennessee Code Annotated § 36-3-605. While a divorce proceeding was pending in another court, wife filed a petition for an order of protection from her husband, alleging domestic abuse. The wife obtained ex parte relief, and after a hearing, the trial court granted an order of protection for forty-five days. Husband appealed, arguing the preponderance of the evidence did not support the grant of an order of protection. Because the order has expired by its own terms, we conclude this appeal is moot. We dismiss this appeal and grant wife her attorneys' fees incurred on appeal.

## Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed and Case Remanded

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and BRANDON O. GIBSON, JJ., joined.

Venus Niner and Adrian H. Alshuler, Franklin, Tennessee, for the appellant, Jonathan Allen Honeycutt.

Jeffrey L. Levy, Nashville, Tennessee, for the appellee, Andrea Kay Honeycutt.

# MEMORANDUM OPINION[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2015, Andrea Kay Honeycutt submitted a Petition for an Order of Protection on behalf of herself and her two minor children. She requested protection from her husband, Jonathan Honeycutt, claiming she was in fear of being abused based on an incident that occurred on March 8, 2015, and her husband's history of controlling and abusive behavior. In her petition, Mrs. Honeycutt disclosed that Mr. Honeycutt and she were parties to a pending divorce case involving the children.

Finding good cause, a judicial commissioner issued an ex parte temporary order of protection. The matter was set for a hearing for March 30, 2015, in the Circuit Court for Davidson County, Tennessee.

At the March 30 hearing, the circuit court heard the testimony of both Mr. and Mrs. Honeycutt, as well as that of Mrs. Honeycutt's brother. After considering the testimony and in light of the pending divorce case, the circuit court decided "to grant an order of protection, but only for a very short period of time enabling the parties to get to the courts down the hall where the judge has jurisdiction over all these matters." The court declined to extend the order of protection to the parties' daughter. The court ordered Mr. Honeycutt not to abuse or stalk or threaten to abuse or stalk Mrs. Honeycutt or their children. The court also ordered Mr. Honeycutt to have no contact with and to stay away from Mrs. Honeycutt and their son. By its terms, the order of protection expired on May 13, 2015.

Mr. Honeycutt filed his notice of appeal on April 2, 2015. His sole issue on appeal is whether the trial court properly found that Mrs. Honeycutt had proven domestic abuse by a preponderance of the evidence. Mrs. Honeycutt requests an award of attorneys' fees on appeal.

## II. ANALYSIS

A domestic abuse victim may file a sworn petition seeking a protection order from the court. Tenn. Code Ann. § 36-3-602 (2014). Once a petition is filed, the court is authorized to issue an ex parte order of protection upon a showing of good cause. *Id*. § 36-3-605(a) (2014). Within fifteen days, the court must hold a hearing on whether to dissolve or extend the ex parte order. *Id*. At the hearing, the petitioner must establish domestic abuse by a preponderance of the evidence. *Id*. § 36-3-605(b); *Davis v. Davis*, No. 03A01-9901-CH-00015, 1998 WL 208850, at *1 (Tenn. Ct. App. Apr. 30, 1998). If the ex parte order is

---

[1] *See* Tenn. Ct. App. R. 10.

extended, it must be for a definite time, not to exceed one year. Tenn. Code Ann. § 36-3-605 (2014).

## A. JUSTICIABILITY

For this court to render an opinion, we must be faced with a live controversy. *See Judd v. Guye*, No. M2015-00094-COA-R3-CV, 2015 WL 9311847, at *3 (Tenn. Ct. App. Dec. 21, 2015). Cases must remain justiciable from the time they are filed until the moment of final appellate review. *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.*, 301 S.W.3d 196, 203-04 (Tenn. 2009). A case ceases to be justiciable when it "no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Id.* at 204. A moot case "has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after commencement of the case." *Id.*

We conclude this case is moot. Because the order of protection from which he appeals has expired,[2] we can provide no relief to Mr. Honeycutt. Generally, appellate courts should dismiss appeals that have become moot. Only under exceptional circumstances do we consider an appeal when it is no longer justiciable. *Id.* at 204. This case does not present one of those exceptional circumstances.[3] *See McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) ("Decisions concerning whether to take up cases that fit into one of the exceptions to the mootness doctrine are discretionary with the appellate courts."). At the time of this appeal, the Honeycutts were parties to a pending divorce proceeding. An injunction restraining both parties from abusing the other is automatically in force until the divorce petition is dismissed, the parties reach an agreement, or the divorce court modifies or dissolves the injunction. Tenn. Code Ann. § 36-4-106(d)(3) (2014).

## B. REQUEST FOR ATTORNEYS' FEES

Mrs. Honeycutt seeks an award of costs and attorneys' fees in defending this appeal under Tennessee Code Annotated § 36-3-617, which protects domestic abuse victims from bearing the costs associated with the appeal of an order of protection. Tenn. Code Ann. § 36-3-617 (2014). Although we have previously held that an award of attorneys' fees incurred on appeal is appropriate under Tennessee Code Annotated § 36-3-617 when a petitioner successfully defends his or her order of protection, *Land v. Casteel*, No. E2010-00593-COA-

---

[2] Because the parties' divorce case was already pending at the time the order of protection was entered, the order of protection was not extended by virtue of Tennessee Code Annotated § 36-3-603 (2014).

[3] Tennessee courts have chosen to hear a moot case "(1) when the issue is of great public importance or affects the administration of justice, (2) when the challenged conduct is capable of repetition and of such short duration that it will evade judicial review, (3) when the primary subject of the dispute has become moot but collateral consequences to one of the parties remain, and (4) when the defendant voluntarily stops engaging in the challenged conduct." *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 204.

R3-CV, 2011 WL 808784, at *3 (Tenn. Ct. App. Mar. 8, 2011), in this instance, we exercise our discretion to award attorneys' fees on another statutory basis.

We find this appeal frivolous and, therefore, we award Mrs. Honeycutt her attorneys' fees incurred on appeal under Tennessee Code Annotated § 27-1-122 (2000). A "frivolous" appeal is one that is devoid of merit, has little prospect of success, or is lacking in justiciable issues. *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). A successful litigant should not have to bear the expense of a groundless appeal. *Young v. Barrow*, 130 S.W.3d 59, 66 (Tenn. Ct. App. 2003). Determining whether to award damages for a frivolous appeal is a discretionary decision. *Id.* at 66-67. We only impose this penalty in cases in which the statute is clearly applicable in an effort to avoid discouraging legitimate appeals. *See Henderson v. SAIA, Inc*., 318 S.W.3d 328, 342 (Tenn. 2010). Even under this strict standard, we conclude that Mr. Honeycutt's appeal is frivolous because it lacked any justiciable issues after the order of protection expired. *See Judd,* 2015 WL 9311847 at *4 (awarding attorneys' fees after determining appeal was moot). We remand this case to the trial court for a determination of the proper amount of attorneys' fees to be awarded to Mrs. Honeycutt.

### III. CONCLUSION

For the foregoing reasons, this appeal is dismissed as moot, and the case is remanded for further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

4