IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

## SYLVESTER YOUNG v. LEAH LISA BARROW, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 00C-3514     Marietta M. Shipley, Judge**

_____

**No. M2001-00876-COA-R3-CV - Filed September 16, 2003**

_____

This appeal arises out of a minor intersection accident. The complaints of the driver and passenger of one of the motor vehicles against the driver of the second motor vehicle were consolidated in the Circuit Court for Davidson County. The trial court granted a directed verdict against the plaintiff driver at the close of the plaintiffs' proof. Thereafter, the plaintiff driver filed a second lawsuit against the defendant driver and her insurer. The trial court dismissed the second suit on the ground of res judicata and granted the insurer's motion for a judgment on the pleadings. The plaintiff driver has perfected this appeal. We affirm the dismissal of his second complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Sylvester Young, Nashville, Tennessee, Pro Se.

Scott A. Rhodes, Brentwood, Tennessee, for the appellees, Harrison Brothers Insurance and Leah Barrow.

**OPINION**

**I.**

On November 24, 1997, Leah Barrow became trapped behind a city bus as she drove north on Gallatin Road in Nashville. She moved into the left lane to pass the bus, but, just as she reached the front of the bus, the light at the intersection of Gallatin Road and Eastland Avenue turned yellow. Ms. Barrow applied her brakes; however, her car slid into the intersection because of the wet roadway. Her motor vehicle came into contact with the driver's side bumper of a motor vehicle being driven by Sylvester Young. Ms. Barrow stopped and provided her insurance information to Mr. Young. She went on her way after observing that Mr. Young's vehicle has sustained only minor damage and that neither Mr. Young nor his three passengers[1] appeared to be injured.

_____

[1]Linda Buford, Mr. Young's fiancée, and two children were passengers in Mr. Young's vehicle.

Mr. Young and Ms. Buford retained a lawyer. On November 23, 1998, Mr. Young filed a civil warrant in the Metropolitan General Sessions Court against Ms. Barrow seeking damages for the personal injuries Mr. Young claimed to have sustained in the collision. This case was later removed to the Circuit Court for Davidson County where it was consolidated with a separate lawsuit Ms. Buford had filed against Ms. Barrow.

The lawyer representing Mr. Young and Ms. Buford withdrew prior to trial, and Mr. Young and Ms. Buford decided to represent themselves. The consolidated cases were tried to a jury on November 14 and 15, 2000. Ms. Barrow conceded liability, and the proceeding focused only on the question of damages. Ms. Barrow moved for a directed verdict at the close of the plaintiffs' case. The trial court granted the motion with regard to Mr. Young's claim but permitted Ms. Buford's case to go to the jury. The jury determined that Ms. Buford had not been injured, and the trial court entered a judgment on December 4, 2000 dismissing both claims. Neither Mr. Young nor Ms. Buford appealed this judgment.

On November 30, 2000, Mr. Young, still representing himself, filed another complaint against Ms. Barrow and her insurance agent, Harrison Brothers Insurance. He recited in the complaint that at a "static [sic] conference" held before the consolidated trial, the trial court had instructed him to re-file his complaint because his former lawyer had failed to depose his physician or to subpoena his medical records.

Harrison Brothers Insurance filed an answer generally denying liability and a Tenn. R. Civ. P. 12.03 motion for judgment on the pleadings. It pointed out that Mr. Young's renewed complaint did not mention Harrison Brothers Insurance except in its caption. For her part, Ms. Barrow filed a Tenn. R. Civ. P. 56 motion asserting that she was entitled to a judgment as a matter of law because Mr. Young's claim against her had already been litigated. The trial court granted both motions, and Mr. Young has appealed to this court.

## II.
### STANDARDS FOR REVIEWING CLAIMS OF PRO SE LITIGANTS

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App.1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared

by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d at 652. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

### III.
### MR. YOUNG'S CLAIMS AGAINST HARRISON BROTHERS INSURANCE

We turn first to Mr. Young's assertion that the trial court erred when it granted Harrison Brothers Insurance a judgment on the pleadings. When reviewing orders granting a Tenn. R. Civ. P. 12.03 motion, we use the same standard of review we use to review orders granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim. *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). Accordingly, we must review the trial court's decision de novo without a presumption of correctness, *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997), and we must construe the complaint liberally in favor of the non-moving party and take all the factual allegations in the complaint as true. We should uphold granting the motion only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief.

Harrison Brothers Insurance moved to dismiss the complaint or for a judgment on the pleadings because Mr. Young's pro se complaint contained no factual allegations regarding the company. Indeed, the complaint did not even mention Harrison Brothers Insurance except in the style of the case. In his response to the motion, Mr. Young faulted the company for paying the lowest repair estimate. Nevertheless, he never alleged that Harrison Brothers Insurance breached any duty it had by, for example, failing to pay enough to properly repair or replace the car. The bare allegation that an insurer refused to pay the most exorbitant estimate does not state a claim on which relief can be granted. Accordingly, the trial court did not err in granting judgment on the pleadings in favor of Harrison Brothers Insurance.

### IV.
### MR. YOUNG'S CLAIMS AGAINST MS. BARROW

Mr. Young also asserts that the trial court erred by dismissing his renewed complaint because he was not a party in the original proceeding. He concedes that he participated in the proceeding, but he insists that he was only a witness for Ms. Buford. Now, he asserts that he wants his "day in court."

**A.**

This issue implicates the doctrine of res judicata. Res judicata is a claim preclusion doctrine that promotes finality in litigation. *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn.1976); *Jordan v. Johns*, 168 Tenn. 525, 536-37, 79 S.W.2d 798, 802 (1935). It bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn.1995); *Brown v. Brown*, 29 S.W.3d 491, 495 (Tenn. Ct. App. 2000); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App.1995). In order for the doctrine of res judicata to apply, the prior judgment must conclude the rights of the parties on the merits. *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989); *Lewis v. Muchmore*, 26 S.W.3d 632, 637 (Tenn. Ct. App. 2000).

Parties asserting a res judicata defense must demonstrate (1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action. *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the legal rights and relations of the parties. *White v. White*, 876 S.W.2d 837, 839-40 (Tenn.1994); *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000).

To be entitled to a summary judgment, Ms. Barrow must demonstrate that the undisputed facts support finding (1) that Mr. Young was a party to the earlier proceeding, (2) that the two proceedings involve the same cause of action, and (3) that the trial court in the earlier proceeding entered a final judgment on the merits against Mr. Young. Despite Mr. Young's confusion about what was occurring at the first trial, there is no question that the undisputed record demonstrates that Ms. Barrow made out her res judicata defense.

Mr. Young's principal argument is that the lawsuits do not involve the same parties because he was never a party to the first proceeding. He insists that he dismissed his first lawsuit at the trial court's suggestion and that he was simply helping Ms. Buford. The record belies this claim. The record demonstrates that Mr. Young was not merely a witness at the first trial.

When jury selection commenced, the trial court informed the prospective jurors that the "plaintiffs have chosen to represent themselves" and asked if any members of the panel knew either Mr. Young or Ms. Buford because "they are the plaintiffs in this case; they're the ones bringing the lawsuit." The court then offered both Mr. Young and Ms. Buford the opportunity to question the prospective jurors. Both Mr. Young and Ms. Buford declined.

After the jury had been seated, the trial court told Mr. Young and Ms. Buford to decide which of them would deliver the opening statement and to decide the order in which they would present their proof. The court explained that both of them could present witnesses on their own behalf but that Mr. Young could not examine Ms. Buford because he did not represent her. Mr. Young asked

several questions about the evidence of damages that could be presented and then told the trial court that he did not have any witnesses to offer.

Mr. Young delivered the opening statement. He discussed the injuries that both he and Ms. Buford claimed they had sustained as well as the damage to his vehicle. However, he also explained that he had no role in the lawsuit:

> I'm not involved in the lawsuit; I'm not suing. It's just that it was my car and I was driving. I never had any intention to sue 'em. They paid me but they wouldn't pay Ms. Buford. So bein' they wouldn't go to her rescue, it pulled me back in this suit. I'm just here tryin' to be a catalyst between her and the insurance company. Otherwise, I wouldn't be named in this lawsuit.

Mr. Young then took the stand and testified in narrative form. He described the damage to his vehicle and the physical ailments the wreck ostensibly caused him. Thereafter, the following exchanges occurred:

| | |
|---|---|
| Mr. Young: | There were times when I wanted to file a suit myself. . . . [But] I didn't sue. |
| Trial Court: | Mr. Young, just so we're very clear, presently you are listed as a plaintiff in this case. |
| Mr. Young: | That's correct. |
| Trial Court: | So you have sued. |
| Mr. Young: | I understand. I'm suing. |
| Trial Court: | [T]o ensure the jury isn't confused, you are listed as a plaintiff in this case. |
| Mr. Young: | I am a plaintiff in this case. That's correct. |

*   *   *

| | |
|---|---|
| Ms. Barrow's Lawyer: | This is the third lawsuit that you've had. . . |
| Mr. Young: | I object your honor. It's not a lawsuit; I didn't sue nobody. |
| Trial Court: | We've already straightened out that you're a plaintiff in this lawsuit. |
| Mr. Young: | I know but he was talking [about a different wreck]. |

Finally, when Ms. Barrow's attorney offered impeaching proof that a prior personal injury suit filed by Mr. Young had been dismissed after a directed verdict, Mr. Young objected and asked: "Your honor, what does that have to do with this part of the case – my personal case?"

Mr. Young chose to represent himself even though the four-month continuance between his former lawyer's withdrawal and the trial date afforded him ample opportunity to obtain replacement counsel. Mr. Young is left with the consequences of his choice. His active participation in the trial and the quoted trial excerpts demonstrate that Mr. Young did not dismiss his lawsuit before trial.

Mr. Young attempts to save his case by arguing alternatively that the trial court did not enter a final judgment on the merits of his claim. He contends that he nonsuited his claim prior to the trial court's decision to direct a verdict dismissing his lawsuit. A party may nonsuit its case by filing a written notice of dismissal prior to trial or by giving oral notice of dismissal in open court. Tenn. R. Civ. P. 41.01(1). Mr. Young argues that his testimony provided oral notice of dismissal. Asked if he was seeking damages by the trial court, Mr. Young stated, "I never did . . . I was angry."[2] This response caused the trial court to inquire: "Are you dismissing your lawsuit against Ms. Barrow?" Mr. Young answered: "Only if they come to terms with Ms. Buford. Like you say, you say this is a lawsuit, I'm here because either they pay her or I've got to pay her and I don't feel I should have to pay her."

The voluntary dismissal rule was intended to establish a test that is easy to administer. *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983). Thus, the notice of dismissal must demonstrate the plaintiff's clear, unequivocal, and express intent to dismiss the action.[3] *Kaufman & Broad Bldg. Co. v. City & Suburban Mortgage Co.*, 88 Cal. Rptr. 858, 861 (Cal. Ct. App. 1970); *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998); 9 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2363, at 269 (2d ed. 1994). A conditional statement offering to dismiss a claim in return for action by the defendant is insufficient. *McMahon v. Televents, Inc.*, 129 F.3d 126, 1997 WL 678358, at *2 (9th Cir. Oct. 29, 1997) (unpublished table decision). Accordingly, Mr. Young's equivocal statements and conditional response to the trial court did not provide effective notice of voluntary dismissal, and the trial court's decision to direct a verdict against him at the close of the plaintiffs' proof is a final decision on the merits.[4]

---

[2]According to the trial testimony, however, he asked for $200,000 in his answers to interrogatories.

[3]To this extent, providing notice of voluntary dismissal is similar to motion practice. *See* Tenn. R. Civ. P. 7.02(1); *Davis v. Tennessee Dep't of Employment Sec.*, 23 S.W.3d 304, 315 (Tenn. Ct. App. 1999) (motions must sufficiently apprise the trial court of the relief sought so the court can process the motion correctly).

[4]Mr. Young reacted to the directed verdict by calmly telling the trial court that he understood that he was no longer a party to the lawsuit. The record indicates that he had filed at least one other lawsuit that had been dismissed on directed verdict. Thus, even if we assume Mr. Young did not understand the import of the words "directed verdict," he understood the effect of dismissal on his lawsuit. Despite his ambiguous statements regarding his intention of non-suiting, once he had been dismissed, Mr. Young never asked how his claims could be dismissed when he was not before the court. The trial court repeatedly informed Mr. Young that he was bound by the procedural rules applicable to lawyers. We cannot relieve him from those rules on appeal.

## V.
### FRIVOLOUS APPEAL DAMAGES UNDER TENN. CODE ANN. § 27-1-122 (2000)

Ms. Barrow and Harrison Brothers Insurance ask this court to award them attorney's fees on the ground that this appeal was frivolous. We have determined that they are entitled to damages for a frivolous appeal because Mr. Young apparently filed this appeal for the purpose of re-litigating claims that had already been finally resolved.

Parties should not be forced to bear the cost and vexation of baseless appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn.1985).

A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding. *Davis v. Gulf Ins. Group*, 546 S.W.2d at 586; *Jackson v. Aldridge*, 6 S.W.3d at 504; *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding. *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984); *McDonald v. Onoh*, 772 S.W.2d at 914; *Fields v. Fields*, No. 86-131-II, 1987 WL 7332, *3 (Tenn. Ct. App. March 6, 1987) (No Tenn. R. App. P. 11 application filed).

Mr. Young's appeal, although it was nominally an appeal from a subsequent lawsuit, raised issues against Ms. Barrow solely related to a original trial that had concluded over four months prior to his notice of appeal. As to Harrison Brothers Insurance, Mr. Young offered no factual allegations in the trial court that would allow a court to conclude that he had stated a cause of action regarding the company's resolution of his insurance claim and he did no more than re-state his allegation to this court. He failed to create any possibility that he would prevail in this court. Accordingly, this appeal is frivolous, and Ms. Barrow and Harrison Brothers Insurance are entitled to the costs they incurred in defending against it.

## VI.

Mr. Young also seeks to collaterally attack several of the trial court's decisions during the November 2000 trial even though he did not appeal from the judgment granting Ms. Barrow a directed verdict.[5] These claims are now beyond our reach because Mr. Young failed to file a timely notice of appeal from the December 4, 2000 judgment.

---

[5]Mr. Young insists that the trial court erred by (1) granting Ms. Barrow's motion for directed verdict, (2) permitting his lawyer to withdraw, (3) failing to hold a status conference prior to the day of trial, and (4) allowing his and Ms. Buford's claims to be tried jointly.

Accordingly, we affirm the order granting Ms. Barrow's motion for summary judgment and Harrison Brothers Insurance's motion for a judgment on the pleadings and remand the case to the trial court for the assessment of damages in accordance with Tenn. Code Ann. § 27-1-122 and for whatever other proceedings may be required. We tax the costs of this appeal to Sylvester Young for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., J.