IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2018

## BANK OF AMERICA V. CALVIN DEE AYCOCK, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-002105-16      Valerie S. Smith, Judge**

_____

### No. W2017-00758-COA-R3-CV

_____

This is a detainer action in which the plaintiff bank was awarded a judgment of possession of the defendant's property in general sessions court. The defendant refused to vacate the property and appealed to the circuit court. The plaintiff bank sought summary judgment. The circuit court granted the motion for summary judgment and upheld the foreclosure sale. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and BRANDON O. GIBSON, J., joined.

Calvin Dee Aycock, Memphis, Tennessee, pro se.[1]

Junaid A. Odubeko, Nashville, Tennessee, for the appellee, Bank of America, N.A.

### MEMORANDUM OPINION[2]

Linda Aycock and Calvin Dee Aycock (collectively "Mortgagors") executed a promissory note and deed of trust on February 15, 2008. The deed of trust was assigned

_____

[1] Mr. Aycock's spouse did not join in the filing of the appeal.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to Bank of America, N.A. ("Bank"), and Robert S. Coleman, Jr. was later designated as successor trustee. Mortgagors were notified, by letter mailed on September 18, 2014, that their property was scheduled for a foreclosure sale because they were in default of the trust terms. The sale was advertised and held as scheduled on October 10, 2014. Bank purchased the property and then filed a detainer warrant when Mortgagors refused to vacate. The General Sessions Court awarded Bank a judgment of possession.

Mortgagors appealed to the Shelby County Circuit Court. Bank filed a motion for summary judgment, a supporting memorandum, a statement of undisputed facts, and an affidavit executed by the successor trustee. Mortgagors did not respond to the motion but filed a request for a continuance. The case proceeded to a hearing on the motion for summary judgment, after which the court entered judgment in favor of Bank based upon the supporting documents and the Mortgagors filing no response thereto. Accordingly, the court awarded possession of the real property to Bank. Mr. Aycock ("Defendant") filed this timely appeal.

The sole and dispositive issue on appeal is whether the court erred in granting summary judgment. "We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). "In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

Defendant raises a myriad of issues on appeal in a rambling and, at times, incoherent brief. Bank claims that dismissal of the appeal is appropriate for failure to comply with the appellate rules. Bank alternatively responds that this court should affirm the grant of summary judgment. We agree with Bank that there are a multitude of problems with the brief and that Defendant failed to comply with the requirements contained in Rule 27(a) of the Tennessee Rules of Appellate Procedure. However, we will briefly address the court's grant of summary judgment and order of possession in favor of Bank given Defendant's status as a pro se litigant. *See Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) ("The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs.").

The record reflects that Bank's motion for summary judgment was properly supported but that Defendant did not respond to the motion and failed to offer any evidence establishing his right of possession to the property at the hearing. When a properly supported motion for summary judgment is made, "the nonmoving party 'may

not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

With the above considerations in mind, we affirm the judgment of the trial court. This case is remanded for enforcement of the judgment. Costs of the appeal are taxed to the appellant, Calvin Dee Aycock.

 

 

_____

JOHN W. McCLARTY, JUDGE