FILED
05/07/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 9, 2019 Session

## MARVIN J. BUTLER v. FIRST SOUTH FINANCIAL CREDIT UNION

**Appeal from the Chancery Court for Shelby County
No. CH-16-0987-3      JoeDae L. Jenkins, Chancellor**

_____

### No. W2018-00917-COA-R3-CV
_____

The plaintiff appeals the summary judgment dismissal of his claims against the defendant
bank for discrimination and breach of fiduciary duty.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which ARNOLD B. GOLDIN
and KENNY W. ARMSTRONG, JJ., joined.

Marvin J. Butler, Memphis, Tennessee, pro se

Timothy M. Peeples, Oxford, Mississippi, for the appellee, First South Financial Federal
Credit Union.

### OPINION

## I.      BACKGROUND

Marvin J. Butler ("Plaintiff") opened an account with First South Financial
Federal Credit Union ("the Bank") in 2002.  Plaintiff received a copy of the terms and
conditions of his account at that time.  On June 14, 2016, Plaintiff filed suit, alleging
various claims related to the Bank's handling of his account and the eventual closing of
his account without his consent.  Plaintiff asserted, inter alia, that the Bank engaged in
discriminatory practices against him, breached its fiduciary duty to him by
misappropriating his funds, and violated state and federal laws of codes and ethics.
Plaintiff claimed that the Bank gave no explanation for the closing of his accounts or the
misappropriation of his funds.

The Bank denied wrongdoing and moved for summary judgment with supporting
affidavits and a statement of undisputed material facts.  The Bank claimed that Plaintiff's

accounts were closed as a result of his inappropriate, violent, and threatening behavior. The Bank asserted that the closing of the account was in compliance with the agreed upon terms and conditions of his account and the Business Membership and Account Agreement, which provided that the Bank may terminate his account "at any time without prior notice" and that Plaintiff "may be expelled for any reason as allowed by applicable law." The Bank further noted that Plaintiff was provided with regular account statements documenting his balance and that the final balance was submitted to him with supportive documentation. The Bank claimed that even after the account was closed, Plaintiff returned and parked his vehicle near the Bank and took photographs of the staff as they entered and exited the Bank. He also threatened call center employees and demanded the names and contact information for employees.

Nancy Wisener, the Director of Risk Management for the Bank, provided an affidavit in which she described the two incidents that ultimately led to the closing of the account. Ms. Wisener attested that the first incident occurred in June 2014 when Plaintiff accused staff of discussing his personal information with his sister-in-law. He threatened the staff, punched the teller's window, and refused to leave until the staff advised him that they would call the police. Ms. Wisener stated that the second incident occurred in June 2015 when Plaintiff brought coins to run through the coin-counting machine at the Bank. The Plaintiff was satisfied with the initial tally of his coins but returned later and claimed that he was owed $800. According to Ms. Wisener, he became agitated and threatened staff and would not leave until the police were summoned.

On February 1, 2018, the Bank filed a motion to set a hearing date, alleging that Plaintiff had not yet responded to the motion for summary judgment, filed on January 4, 2018. The motion for summary judgment was set for hearing on March 15. Plaintiff appeared on that day and requested additional time to respond. The court granted the request and reset the hearing on the motion for summary judgment for April 23.

Meanwhile, the Clerk and Master of the Chancery Court for the Thirteenth Judicial District of the State of Tennessee filed a motion to intervene, requesting entry of a restraining order on Plaintiff for his aggressive and frightening behavior toward the members of the Clerk and Master's office. The Clerk and Master requested an order prohibiting Plaintiff from threatening and stalking court personnel and to require him to obtain a police escort upon his arrival at the courthouse. Affidavits were filed in support of the motion in which several witnesses attested to Plaintiff's threatening and intimidating behavior toward court personnel. The court issued a restraining order on Plaintiff as requested, requiring him to obtain a police escort upon entry into the courthouse and to refrain from threatening or stalking court personnel.

A hearing on the Clerk and Master's motion was held on March 28, after which the court issued a temporary injunction with the same restrictions listed in the restraining order. The court advised Plaintiff that he was still permitted to prosecute his case, file pleadings, and obtain access to the courthouse. Plaintiff was instructed to direct all further inquiries to a designated representative in the Clerk and Master's office.

The hearing on the motion for summary judgment was held as scheduled on April 23, after which the court granted judgment in favor of the Bank, finding that dismissal was warranted because Plaintiff had not yet responded to the Bank's properly supported motion. The court alternatively held that the Bank was entitled to summary judgment because Plaintiff had not sufficiently pled a claim of discrimination or any other claim against the Bank. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.      Whether the court erred in granting summary judgment.

B.      Whether Plaintiff is entitled to any other relief.

## III. STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have

been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## IV. DISCUSSION

### A.

When a properly supported motion for summary judgment is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Rye*, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Tenn. R. Civ. P. 56.06.

Here, the Bank filed a motion for summary judgment with supporting affidavits and a statement of undisputed material facts, establishing that the account was closed in accordance with the terms and conditions of the Bank's agreement with Plaintiff as a result of his repeated inappropriate behavior. The Bank also attested that Plaintiff was provided with regular account statements and a final payment of his account balance with supportive documentation establishing the amount. Plaintiff failed to respond to the motion or the statement of undisputed material facts.

Plaintiff's explanation for his failure to respond was that he was not provided enough time in which to respond as a pro se litigant and that his defense was hampered by the court's issuance of a temporary injunction. In *Young v. Barrow*, 130 S.W.3d 59 (Tenn. Ct. App. 2003), this court stated:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 63 (citations omitted). At the initial hearing date, the court granted Plaintiff's motion for additional time in which to respond and reset the hearing, providing Plaintiff with an additional five weeks to file a response to the pending motion. Plaintiff still

failed to issue a response within the additional time provided. Our review of the record also reveals that Plaintiff was still permitted access to the court and the ability to defend against the pending motion, despite the court's protective measures as a result of Plaintiff's continued harassment of court personnel. With all of these considerations in mind, we affirm the court's summary dismissal of Plaintiff's complaint for failure to comply with the Tennessee Rules of Civil Procedure. Having affirmed the court's dismissal of the complaint, any issues pertaining to the court's alternative ruling are pretermitted.

B.

Plaintiff raises a plethora of issues relating to the court's issuance of the temporary injunction and his general treatment by the court. Plaintiff suggests that Chancellor Jenkins should have recused himself as a result of bias; however, Plaintiff never filed a motion for recusal. Further, there is no evidence in the record to support any of Plaintiff's allegations relating to the handling of his case or the issuance of the injunction, which still permitted him access to the court.

V. CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Marvin J. Butler.

_____
JOHN W. McCLARTY, JUDGE