FILED

08/26/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 1, 2019

**TROY LOVE v. ANDRE MCDOWELL ET AL.**

**Appeal from the Chancery Court for Union County**
**No. 6899     Elizabeth C. Asbury, Chancellor**

_____

**No. E2019-00177-COA-R3-CV**

_____

This appeal involves a suit seeking partition of property owned by multiple individuals. The trial court dismissed the suit for failure to join an indispensable party. For the following reasons, we vacate the trial court's order of dismissal and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which RICHARD H. DINKINS and JOHN W. MCCLARTY, JJ., joined.

Troy Love, Mountain City, Tennessee, Pro Se.

Brad A. Fraser and Christopher W. Sherman, Knoxville, Tennessee, for the appellees, Andre McDowell and Denise McDowell.

**OPINION**

**I.     FACTS & PROCEDURAL HISTORY**

This appeal concerns a suit to partition property located at 182 Walleye Point, Sharps Chapel, Tennessee (the "Property"). The Property was originally owned by four individuals: Troy Love, his wife Judy Love, and Denise McDowell (Judy Love's daughter), and her husband, Andre McDowell. A partial but incomplete copy of the deed conveying the property to these parties is included in the record. The deed was dated November 24, 1997, and conveyed the property to "Andre McDowell and wife, Denise McDowell and Troy Love and wife, Judy Love." On June 5, 2012, Judy Love died

intestate. She was survived by her husband Mr. Love, her daughter Mrs. McDowell, and at least one other child, Wendy Nicola.[1]

On May 18, 2017, Mr. Love filed a complaint to partition the Property. Mr. Love asserted in his complaint that he co-owned the Property with Mr. and Mrs. McDowell and named them as the only defendants to the suit. Mr. Love did not include Ms. Nicola as a party to the suit or identify her as potentially having any interest in the Property.

Mr. and Mrs. McDowell filed an answer opposing the partition and sale of the property. They asserted multiple defenses, including the defense that Mr. Love had failed to join a necessary and indispensable party. On November 7, 2018, Mr. and Mrs. McDowell filed a motion to dismiss. They argued that Ms. Nicola was an indispensable party and because Mr. Love had not joined her in the suit, the complaint should be dismissed. On December 17, 2018, the trial court held a hearing on Mr. and Mrs. McDowell's motion. Mr. Love was not present for this hearing.

On January 4, 2019, Mr. Love filed a response and affidavit in opposition to Mr. and Mrs. McDowell's motion. Mr. Love attributed his delay in responding to the motion and failing to attend the hearing to conditions surrounding his incarceration.[2] Mr. Love argued that Mr. and Mrs. McDowell "failed to prove that Wendy Nicola is an indispensable party or that she cannot now be joined as a party" to the suit. He further asserted that Ms. Nicola "has not claimed any interest relating to the subject of this action and has not made an appearance in this case."

On January 9, 2019, the trial court entered an order granting Mr. and Mrs. McDowell's motion dismissing the action. The order states in its entirety:

> This matter came on for hearing on December 17, 2018, before this Court upon proper notice for the Motion to Dismiss for Failure to Join an Indispensable Party filed by Defendants Andre McDowell and Denise McDowell. Plaintiff Troy Love filed no opposition to the Motion and failed to attend the hearing. Upon the Court's review of the Motion, the arguments of counsel for Defendants, the record as a whole, and pursuant to

---

[1] Mrs. Love's estate was never administered. However, it is undisputed that Ms. Love was also survived by at least one additional adult child, Wendy Nicola.

[2] Mr. Love is an inmate at Northeast Correctional Complex in Mountain City, Tennessee. He indicates that he has been incarcerated since June 2014. As a prisoner at Northeast Correctional Complex he states that he must sign for receipt before he is able to obtain any legal mail. Mr. Love contends that he was unable to attend the hearing on December 17, 2018, due to being transferred to a special needs facility in Nashville, Tennessee, on November 1, 2018. He indicated that he did not return to Northeast Correctional Complex until December 28, 2018, at which time he received the motion to dismiss, notice of hearing, and proposed order granting the motion.

Rule 12.02(7) and Rule 19 of the Tennessee Rules of Civil Procedure, the Court finds the Defendants' Motion is well-taken, and shall be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that the Motion to Dismiss is GRANTED, and this matter shall be DISMISSED WITHOUT PREJUDICE. The costs of the Clerk are taxed against the Plaintiff, upon which execution may issue if necessary. Plaintiff Troy Love's last known address is 541401 N.E.C.X., P.O. Box 5000, Mountain City, Tennessee 37683-5000.

Mr. Love timely filed an appeal.

## II. ISSUE PRESENTED

Mr. Love presents the following issues, which we have slightly reworded, for review on appeal:

1. Whether the trial court erred in dismissing the case on the grounds that Mr. Love failed to join an indispensable party, failed to file a response in opposition to Mr. and Mrs. McDowell's Tennessee Rule of Civil Procedure 12.02(7) motion, and failed to attend the hearing.

In the posture of appellees, Mr. and Mrs. McDowell ask this Court to award them damages for a frivolous appeal.

For the following reasons, we vacate the decision of the chancery court and remand for further proceedings.

## III. DISCUSSION

### A. Rule 12.02(7) Motion to Dismiss

Defendants filed a "Motion to Dismiss for Failure to Join an Indispensable Party" pursuant to Rule 12.02(7) and Rule 19 of the Tennessee Rules of Civil Procedure. Dismissal of an action under Rule 12.02 may be proper, after an appropriate analysis, when the Court determines that there has been a failure to join a party pursuant to Rule 19. Rule 12.02 states in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: . . . (7) failure to join a party under Rule 19, . . . .

- 3 -

Tenn. R. Civ. P. 12.02.

## B. Rule 19. *"Joinder of Persons Needed for Just Adjudication"*

In considering a motion to dismiss under Rule 12.02(7), the threshold question is whether there has been a failure to join an indispensable party under Tennessee Rule of Civil Procedure 19. Rule 19 has been referenced as the Rule that "governs the joinder of indispensable and necessary parties." *Baker v. Foster,* No. W2009-00214-COA-R3-CV, 2010 WL 174773, at *4 (Tenn. Ct. App. Jan. 20, 2010). We recognize the terms "indispensable" and "necessary" are not included in the Rule and are "often used colloquially and interchangeably by lawyers and judges in a broader sense than they are used in the Rules of Civil Procedure*." Danelz v. Gayden*, No. W2010-02308-COA-R3-JV, 2011 WL 2567742, at *7 (Tenn. Ct. App. June 29, 2011). The purpose of Rule 19 is to "protect the interests of absent persons as well as those already before the court from multiple litigation and inconsistent judicial determinations." *Baker*, 2010 WL 174773, at *5 (citations omitted).

## 1. Rule 19.01 Persons to be Joined if Feasible

Tennessee Rule of Civil Procedure 19.01 provides a mandatory directive on who should be joined as a party, stating:

> A person who is subject to service of process *shall* be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

Tenn. R. Civ. P. 19.01(emphasis added).

Turning to the case before us, Mr. Love seeks a court order allowing the Property to be sold for division, pursuant to the statute governing partition claims. Tennessee Code Annotated section 29-27-101 provides: "[a]ny person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition . . . ." In discussing this statute, we have stated: "[P]ersons seeking a partition

sale of property must demonstrate (1) that they have a present interest in the property and (2) that other persons also have an interest in the property." *Warrick v. Mullins*, No. E2018-00197-COA-R3-CV, 2018 WL 6077848, at *2 (Tenn. Ct. App. Nov. 20, 2018), *perm. app. denied* (Tenn. Mar. 28, 2019) (quoting *In re Estate of White*, 77 S.W.3d 765, 770 (Tenn. Ct. App. 2001)).

Mr. and Mrs. McDowell assert that Wendy Nicola is an indispensable party because, they contend, she has an ownership interest in the subject Property. "Persons whose real property interests may *potentially* be affected by a trial court's ruling have consistently been recognized as indispensable and necessary parties." *Baker*, 2010 WL 174773, at *5 (citations omitted) (emphasis added).

Mr. Love does not dispute that he did not join Ms. Nicola as a party to the partition suit. However, he argues that she is not a necessary and indispensable party to the suit because she has not claimed an interest in the Property or made an appearance before the trial court.

Pursuant to the requirements of Rule 19.01, the trial court must initially apply the listed factors to determine whether a person should be joined as a party. In the record before us, the trial court did not specifically address any of the factors listed in Rule 19.01 to determine whether Ms. Nicola should have been joined as a party in this case.

### 2. *Rule 19.02 Determination by Court Whenever Joinder is Not Feasible*

If the trial court determines that a person should be joined, but cannot be joined, it must next determine the proper course for proceeding. *See* Tenn. R. Civ. P. 19.02. Rule 19.02 directs that the court's analysis is to determine "whether the action should proceed among the parties before it, or should be stayed or dismissed." *Moore v. Teddleton*, No. W2005-02746-COA-R3-CV, 2006 WL 3199273, at *7 n.7 (Tenn. Ct. App. Nov. 7, 2006). The Rule provides:

> If a person as described in Rule 19.01(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it; or should be stayed or dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether or not a judgment rendered in the person's absence will be adequate; and (4) whether or not the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Tenn. R. Civ. P. 19.02.

For this Court to examine the parties' interests and determine whether the Motion to Dismiss should have been granted, it must have the complete deed in the record before it. All ownership interest of the parties derives from the warranty deed conveying title to the property to Mr. and Mrs. Love and Mr. and Mrs. McDowell. Substantial portions of that deed are missing from the record. Therefore, this Court is unable to determine the nature of the parties' interests and decide whether this action should have been dismissed based upon the Defendants' motion.

Although Rule 12.02(7) does allow for a dismissal based upon Rule 19, we cannot discern the trial court's reasoning from its order, and we cannot conclude from the record whether dismissal was the proper remedy. The record is devoid of information necessary for this Court to review the motion. Consequently, we must vacate the judgment of the trial court and remand the case for further proceedings.

On remand, the trial court should take the steps it deems necessary to determine whether the motion should be granted pursuant to the requisites of Rule 12.02(7) and Rule 19.

### C. *Frivolous Appeal*

Lastly, Mr. and Mrs. McDowell have requested that this Court award them damages for a frivolous appeal under Tennessee Code Annotated section 27-1-122 which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (internal citations omitted). Having determined that the judgment of the trial court should be vacated and remanded, we do not find this appeal devoid of merit or perceive that it was taken solely for delay. We respectfully decline to exercise our discretion to award damages to Mr. and Mrs. McDowell in this appeal.

### IV. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is vacated and remanded. Costs of this appeal are taxed to the appellees, Andre McDowell and wife, Denise McDowell, for which execution may issue if necessary.

_____

CARMA DENNIS MᶜGEE, JUDGE