FILED
02/01/2024
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 1, 2023

## LAUREL TREE II HOMEOWNERS ASSOCIATION, INC. v. DORA WILSON-MOORE

**Appeal from the Circuit Court for Shelby County**
**No. CT-0069-20      Valerie L. Smith, Judge**

———————————————————

### No. W2021-01275-COA-R3-CV

———————————————————

This appeal concerns a suit brought by a homeowner's association to enforce a property restriction contained in its declarations against a resident subject to the declarations. After the filing of a motion for judgment on the pleadings by the homeowner's association, the trial court granted it relief and entered an injunction against the homeowner. The homeowner appealed. We conclude that the trial court properly granted the homeowner's association's motion for judgment on the pleadings and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Dora Wilson-Moore, Memphis, Tennessee, Pro se.

Brandon F. McNary, Peter D. Baskind, and J. Malachi Baggett, Memphis, Tennessee, for the appellee, Laurel Tree II Homeowners Association, Inc.

## MEMORANDUM OPINION[1]

## BACKGROUND AND PROCEDURAL HISTORY

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellee Laurel Tree II Homeowners Association, Inc. ("the HOA") sued Appellant Dora Wilson-Moore ("Homeowner") for injunctive relief and damages in the Shelby County Circuit Court ("the trial court"). The HOA's complaint asserted that Homeowner is the record owner of the property legally known as "Lot 14, Laurel Tree II Planned Development, as shown on Plat of record in Plat Book 228, Page 24, in the Register's Office for Shelby County, Tennessee[,]" recognized municipally as 5042 Laurel Springs Drive, Memphis, Tennessee 38125 ("the Property"). Furthermore, the complaint asserted that Homeowner took title to the Property through a warranty deed recorded as instrument number 11125789 ("the Deed").

The HOA attached a copy of the Deed to its complaint, as well as a copy of the "Declaration of Covenants, Conditions and Restrictions for Laurel Tree II P.D." ("the Declaration"), which had been recorded in the Register's Office for Shelby County as instrument number 06170585.[2] According to the complaint, the Property is encumbered by the Declaration, and of note, the Deed underlying Homeowner's title to the Property specifically reflects the Declaration as an encumbrance.

As relevant to the present dispute, the HOA's complaint alleged that Homeowner had been leaving her garbage can in an area visible by the public, in violation of the Declaration. In support of its position, the complaint outlined that Article IX, Section 2(f) of the Declaration specifically provides that

> [a]ll mobile equipment, garbage cans, service yards, woodpiles or storage piles shall be kept screened by adequate planting or fencing so as to conceal them from view of the streets and adjacent Lot Owners. All rubbish, trash, or garbage shall be regularly removed from the premises and shall not be allowed to accumulate thereon.

The HOA's complaint further alleged that Homeowner continued to violate Article IX, Section 2(f), despite a number of warnings sent to her via letter. Additionally, the complaint cited to Article XIII, Section 3 of the Declaration, which empowers the HOA to enforce restrictions contained within the Declaration against any person violating said restrictions "by any proceeding at law or in equity . . . to restrain violations, to require specific performance and/or to recover damages."

In light of the alleged violation, the complaint requested that the trial court grant a permanent injunction against Homeowner to bring the Property into compliance and, further, that the court enter an order permitting the HOA to enter the Property and take necessary steps to bring it into compliance with the Declaration. The complaint also requested an award of attorney's fees from Homeowner for the expenses of this enforcement action, pursuant to the Declaration.

_____

[2] The complaint noted that the Declaration had been re-recorded as instrument number 07039993.

Homeowner filed an answer to the complaint, in which she admitted to owning the Property pursuant to the Deed of record. She also acknowledged that Article IX, Section 2(f) of the Declaration prohibits the storage of a resident's garbage cans within view of the public. Moreover, she admitted to storing her garbage within view of the public and adjacent lot owners. As part of her answer, however, Homeowner raised selective enforcement of this provision of the Declaration as an affirmative defense.

After receiving her answer, the HOA filed a motion for a judgment on the pleadings, which the trial court later granted. In granting the HOA relief, the trial court's order specifically outlined the following pertinent findings: (1) Homeowner is the record owner of the Property in the Laurel Tree II Subdivision; (2) All property in the subdivision is subject to the Declaration; (3) the Property is encumbered by the Declaration; (4) Article IX, Section 2(f) of the Declaration prohibits the storage of garbage cans within view of the street and adjacent lot owners; and (5) Homeowner "is storing her garbage can in a location visible by the public and adjacent lot owners."

As a result of these findings, the trial court issued a permanent injunction enjoining Homeowner from "storing all mobile equipment, garbage cans, service yards, woodpiles, storage piles, rubbish, trash, or garbage in a location visible by the public streets and adjacent lot owners," and at the conclusion of the order, the court set a future hearing date for the HOA to present evidence of its attorney's fees. Additionally, the trial court's order provided that the HOA would be permitted to enter the Property to bring it into compliance if Homeowner failed to comply within thirty days after the entry of a final order.

In a subsequently entered "Order of Final Judgment," the trial court awarded the HOA its attorney's fees. Although Homeowner thereafter filed a motion to alter or amend the judgment, the trial court denied the motion. This appeal followed.

## ISSUE PRESENTED

The restated issue presented by Homeowner for our review on appeal is whether the trial court erred in granting the HOA's motion for judgment on the pleadings.

## STANDARD OF REVIEW

We review an appeal of a judgment on the pleadings de novo without a presumption of correctness. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). "[A] motion for judgment on the pleading made by the plaintiff challenges the legal sufficiency of the defenses pled by the defendant." *City of Morristown v. Ball*, No. E2020-01567-COA-R3-CV, 2021 WL 4449237 at *4 (Tenn. Ct. App. Sept. 29, 2021) (quoting *Brewer v. Piggee*, No. W2006-01788-COA-R3-CV, 2007 WL 1946632, at *6 (Tenn. Ct. App. July 3, 2007)). We must construe the factual allegations in favor of the non-moving party. *Young*, 130 S.W.3d at 63. "Conclusions of law are not admitted nor should judgment on the pleadings

- 3 -

be granted unless the moving party is clearly entitled to judgment." *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991).

## DISCUSSION

In connection with this appeal, Homeowner has challenged the trial court's decision to grant judgment on the pleadings in favor of the HOA. For the reasons discussed below, we discern no error in the trial court's judgment in favor of the HOA.

Homeowner first argues that the trial court erred when it granted the HOA's motion for judgment on the pleadings because, according to her, the Property is not encumbered by the Declaration. As to this concern, however, we observe that Homeowner specifically acknowledged in her answer that she was the record owner of the Property pursuant to the Deed. Moreover, the Deed itself specifically reflects the Declaration as an encumbrance.[3] In view of this fact, and in view of the fact that Homeowner admitted to leaving her garbage can within the view of the public and adjacent lot owners, while also acceding that such an action is a violation of the Declaration, we conclude it is clear that Homeowner has fully admitted to facts supporting the HOA's entitlement to relief.

However, Homeowner has also argued that selective enforcement should bar the HOA's attempt to enforce the Declaration. We have previously characterized selective enforcement as an "issue of unequal and arbitrary enforcement of a restriction." *Ass'n of Owners of Regency Park Condominiums v. Thomasson*, 878 S.W.2d 560, 566 (Tenn. Ct. App. 1994) (citing *Chattel Shipping & Inv., Inc. v. Brickell Place Condo. Ass'n, Inc.*, 481 So.2d 29, 30 (Fla. Dist. Ct. App. 1985)). Regarding this concern of Homeowner, however, we note that Article XIII, Section 5 of the Declaration contains a non-waiver provision. As for the effect of this provision, we have previously addressed an analogous issue which can provide guidance in this matter.

In *Royalton Woods Homeowner Association, Inc. v. Soholt*, this Court reviewed whether a trial court erred in failing to consider the affirmative defense of laches raised by homeowners in a claim brought by a homeowner's association to enforce certain restrictions in its Declaration of Covenants, Conditions and Restrictions ("the *Royalton*

---

[3] Although Homeowner has denied that the copies of the Deed and Declaration attached to the complaint were true and correct copies of those documents, we conclude that her denial in this regard is of no ultimate consequence to the HOA's demonstrated right to relief. She has admitted that she is the record owner of the real property at issue, and we note that the Deed to the real property at issue, as well as the Declaration which the Deed specifically reflects as an encumbrance, are matters of public record subject to judicial notice. *See* Tenn. R. Evid. 201 (permitting judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). A court's consideration of the recorded public documents does not in any way convert the motion into one for summary judgment. *See Haynes v. Bass*, No. W2015-01192-COA-R3-CV, 2016 WL 3351365, at *4-5 (Tenn. Ct. App. June 9, 2016).

Declaration"). *Royalton Woods Homeowner Ass'n, Inc. v. Soholt*, No. M2018-00596-COA-R3-CV, 2019 WL 366525, at *12-13 (Tenn. Ct. App. Jan. 29, 2019). Laches is another affirmative defense in equity, alongside selective enforcement, that prevents the enforcement of claim by a party, if the party seeking enforcement has waited so long that the opposing party has been prejudiced. *Id*. (citing *Grand Valley Lakes Prop. Owners Ass'n, Inc. v. Burrow*, 376 S.W.3d 66, 83-84 (Tenn. Ct. App. 2011)). In concluding the trial court did not err in failing to apply the doctrine of laches, we highlighted a provision of the *Royalton* Declaration which stated in pertinent part as follows:

> Failure by the Declarant, community association or owner to enforce any restriction herein contained shall in no event be deemed a waiver of the rights to do so thereafter nor constitute an acquiescence in or an estoppel to any, actual or future, breaches or violations of these covenants and restrictions.

*Id*. We concluded that this passage "prevent[s] the application of laches as a basis for denying" the homeowner's association right to collect assessments. *Id*.

Turning back to the instant case, we highlight the language contained in the non-waiver provision set out in Article XIII, Section 5, which states as follows:

> No restriction, condition, obligation, or provision of the Declaration shall be deemed to have been abrogated or waived by reason of failure or failures to enforce the same.

In assessing the plain meaning of the language, we conclude the provision secures the HOA's right to enforce a claim even if it fails to "enforce the same" upon other owners of property subject to the Declaration. As in *Royalton*, the Declaration's non-waiver provision in this case prevents the application of selective enforcement as a basis for denying the HOA's right to enforce the Declaration. Therefore, we conclude that the trial court did not err in failing to apply selective enforcement as a basis for denying the HOA's motion for judgment on the pleadings. Having found no error with the trial court's final judgment, we affirm it on appeal.

As a final matter, we observe that the HOA has requested attorney's fees on appeal at the close of the argument section of its brief. However, this request is not properly before the Court, because it was not raised in the statement of issues presented for review. *Mathes v. N.J. Ford & Sons Funeral Home, Inc.,* 680 S.W.3d 208, 213-14 (Tenn. Ct. App. 2023) ("As for whether [appellant] has waived the issues regarding the various claims above, she provided arguments for each but did not present them as issues in her statement of the issues for appellate review. . . . As such, we conclude [appellant] has waived any review of [those] issues."); *Gibson v. Bikas*, 556 S.W.3d 796, 810 (Tenn. Ct. App. 2018) (treating the issue of attorney's fees as waived because it was not presented in the statement of issues). In light of this omission, we conclude the issue of appellate attorney's fees has

been waived.

## CONCLUSION

Because we conclude the trial court did not err in granting the HOA's motion for judgment on the pleadings, the judgment is affirmed.

s/ Arnold B. Goldin

ARNOLD B. GOLDIN, JUDGE
