IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 4, 2026

## DANA DENEA HICKERSON PAGE v. RICHARD CHARLES PAGE, JR.

**Appeal from the Chancery Court for Williamson County**
**No. 18CV-47069      David Henry Veile, Chancellor**

___

**No. M2026-00639-COA-T10B-CV**

___

This is a Rule 10B interlocutory appeal of the denial of a second recusal motion. We find, as the trial court did, that the second motion is repetitive of the first and should be denied. We further grant attorney's fees for a frivolous appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Richard Charles Page, Jr., Nashville, Tennessee, pro se.

Donald N. Capparella and Maddin Nelson, Nashville, Tennessee, for the appellee, Dana Denea Hickerson Page.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

This is a Tenn. Sup. Ct. R. 10B appeal from the denial of a motion to recuse in a matter involving post-divorce civil contempt proceedings. One week after the December 1, 2025 hearing, Richard Charles Page, Jr. ("Father") filed an initial motion to recuse based on (1) a $500 campaign contribution given to the trial judge's campaign by the opposing attorney after the case was assigned to that trial judge and (2) a "consistent pattern of rulings favoring the Plaintiff," Dana Denea Hickerson Page ("Mother"). In the January 14, 2026 order denying the motion to recuse, the trial judge found that:

> Father's failure to comply with the mandatory requirement that he submit an
> affidavit certifying the *Motion for Order of Recusal* is not for any improper

purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, warrants denial of Father's *Motion for Order of Recusal.*

The trial judge observed that the motion to recuse "was filed after the conclusion of the trial and the Court's oral announcement of its findings of facts, conclusions of law and ruling." "It appears," wrote the judge, "that Father waited until after the Court's ruling in this matter to file the *Motion* in an attempt to obtain a different judge and seek a different result." He could have stopped there, but the judge went on to state that he had no recollection of the contribution and that it was made more than 13 months prior to trial. The contribution was minuscule when compared to total expenses. The trial judge gave Father sixty days to pay Mother his share of the counseling fees or face incarceration until the fees were paid. The judge viewed his ruling as "both reasonable and just." The trial court's ruling was not appealed.[1]

A second motion was filed on February 13, 2026, labeled by Father as "Renewed and Amended Motion for Order of Recusal." It purported to be intended to cure the deficiencies identified in the trial court's January 14, 2026 order. As previously stated, the trial court had already denied the motion to recuse, and the time for appeal had run. In ruling on the second motion, the trial judge quoted Rule 10B, § 1.03:

> [I]f a subsequent section 1.01 motion is filed in the same case but fails to state, with specificity, substantially different factual and legal grounds than those relied upon in support of a previous section 1.01 motion, the judge may act summarily by filing a written order denying the motion as repetitive. The judge need not require a response to the motion, conduct a hearing on it, or provide any other written explanation for denying the motion.

The trial judge denied the motion as repetitive. This appeal followed.

ANALYSIS

The Rule 10B standard of review is de novo. TENN. SUP. CT. R. 10B, § 2.01. This Court ordered an answer as authorized pursuant to Rule 10B, § 2.05. After examination of the petition for recusal and other submissions by Father and the answer, we have determined that additional briefing and/or oral argument are not required, and we choose to act summarily on the appeal in accordance with Rule 10B §§ 2.05 and 2.06.

"'[A] court is not bound by the title of a motion but should give effect to its substance according to the relief it seeks.'" *Tolliver v. Tellico Vill. Prop. Owners Ass'n, Inc.*, 579 S.W.3d 8, 16 (Tenn. Ct. App. 2019) (quoting *Reynolds v. Tognetti*, No. W2010-

---

[1] Pursuant to Tenn. Sup. Ct. R. 10B, § 2.02, Father had 21 days to appeal the January 14, 2026 order.

00320-COA-R3-CV, 2011 WL 761525, at *7 (Tenn. Ct. App., Mar. 4, 2011)). Labeling a motion as a "Renewed and Amended Motion for Order of Recusal" will not piggyback upon a prior motion that has been denied and for which the time for appeal has run. It must stand on its own merit. In this instance, the second motion has no merit because it seeks to relitigate the arguments made in the first motion to recuse. Multiple motions based on the same allegations are prohibited by Tenn. Sup. Ct. R. 10B, § 1.01, which states that "Any subsequent motion under this section filed in the same case must state, with specificity, substantially different factual and legal grounds than those relied upon in support of a prior motion filed under this section." Therefore, the second motion to recuse is repetitive and improper.

We would also note that the second motion has its own set of deficiencies. The affidavit provided to us, even though notarized, is not signed. It is also based on Father's "knowledge, information, and belief," rather than on "personal knowledge," as required by Rule 10B, § 1.01.

We affirm the trial court's denial of the second motion for recusal.

Mother has asked for attorney's fees on appeal. This Court is authorized to award a party its attorney's fees "[w]hen it appears . . . that the appeal from any court of record was frivolous or taken solely for delay." Tenn. Code Ann. § 27-1-122. "A frivolous appeal is one that is devoid of merit or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citations omitted). We have already found that the second motion to recuse had no merit because it sought to relitigate arguments made in the first motion. Therefore, we grant Mother's motion for attorney's fees on appeal. All other motions are denied.

CONCLUSION

The judgment of the trial court is affirmed. The matter is remanded for a determination of attorney's fees on appeal. Costs of this appeal are assessed against the appellant, Richard Charles Page, Jr., for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

- 3 -