IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 3, 2019

**JEREMY PAUL BARMMER v. JOY DENISE STAININGER**

**Appeal from the Circuit Court for Sevier County**
**No. 2016-CV-288-I     Carter Scott Moore, Judge**

_____

**No. E2018-02058-COA-R3-CV**

_____

This post-divorce appeal involves the trial court's denial of a petition for modification of the parenting plan. Having carefully reviewed the record before us, we hold that the evidence supports the parenting plan determination and other rulings made by the court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Jeremy Paul Barmmer, Piney Flats, Tennessee, pro se.

Andrew N. Wilson, Sevierville, Tennessee, for the appellee, Joy Denise Staininger.

**OPINION**

## I.     BACKGROUND

Joy Denise Staininger ("Mother") and Jeremy Paul Barmmer ("Father") were married in 2005. One child was born of the marriage in April 2007. Father filed a complaint for divorce on March 18, 2009, and the Parties were divorced by order of the court on December 23, 2009. The court awarded equal co-parenting time but designated Father as the primary residential parent. Mother then sought designation as the primary residential parent based upon an alleged change in material circumstances in 2011. The court agreed and designated Mother as the primary residential parent and awarded Father 137 days of co-parenting time by final order, entered on May 23, 2013.

In 2015, Father filed a petition for contempt and also sought designation as the primary residential parent. Additional litigation ensued, leading to the court's final order,

entered in April 2016, in which the court awarded Father additional co-parenting time but maintained Mother's designation as the primary residential parent. The court also entered a restraining order, prohibiting Mother from allowing the Child around the home of her relative, Roy Trantham. The court then transferred the case from the Chancery Court for Sullivan County to the Circuit Court for Sevier County pursuant to agreement.

On December 22, 2016, another flurry of litigation resumed in which Mother filed a petition for contempt and a request to remove the restraining order. Father responded with his own petition for contempt, a request to relocate, and a petition to modify the parenting plan. Father requested a holding of contempt based upon Mother's failure to involve him in the decision-making process for issues pertaining to the Child and her failure to remit payment for a tax error that affected his tax filings in 2013. Several matters were resolved prior to the hearing, with the exception of Father's petitions for contempt and modification and Mother's request to remove the restraining order.

The case proceeded to a hearing on September 5, 2018, at which Father testified, as pertinent to this appeal, that he only lost designation as the primary residential parent because the court believed his negative attitude toward Mother may affect the Child. He claimed that since that time, there have been no allegations concerning his attitude toward Mother or how his feelings toward her have affected the Child. He asserted that he has always provided a loving environment during his co-parenting time.

Father further testified that Mother had violated the court's order to allow him to participate in the decision making process for all major issues concerning the Child. He claimed that she had the Child evaluated by a psychologist without his participation, that she enrolled the Child in a school outside of his county without his participation, and that she failed to include him in the Child's activities and inform the school of his right to participate in the Child's education. He conceded that Mother had informed him of the school's open house a month prior to the event. He further testified that Mother had failed to remit payment for her tax error in compliance with a prior order of the court.

Mother denied Father's claims and stated that she had provided notice of the Child's school activities and informed the Child's school of Father's right to participate. She said that Father did not inquire about the Child's activities or respond to her notifications. She claimed that the Child's emotional state tends to fluctuate after spending time with Father. She explained that the Child cries a lot and "gets really nervous" the night before Father's co-parenting time. She asserted that the Child also exhibits concerning behavior when he returns from co-parenting time, namely he throws things, slams doors, and exhibits signs of self-loathing. Mother further testified that she was working to fulfill her obligations related to the tax error.

Following the hearing, the court denied Mother's request to remove the restraining order. The court denied Father's petition for contempt, finding that Mother had informed Father of various activities but that he failed to respond within a timely manner. Further, the Child had been enrolled in the same school district for several years prior to Father's filing of the petition for contempt. The court also denied Father's petition to modify the parenting plan, holding that he failed to establish a material change in circumstances necessitating a change in the primary residential parent.

This appeal followed in which Father filed a brief raising numerous issues without regard to the Tennessee Rules of Appellate Procedure. Mother requests waiver of the issues presented as a result of the state of the brief. We agree with Mother that there are a multitude of problems with the brief and that Father failed to comply with the requirements. However, we will briefly address the issues raised given Father's status as a pro se litigant. *See Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) ("The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs.").

## II.    ISSUES

We have surmised that Father raised the following two cogent issues for this court's review:[1]

A.    Whether the court erred in denying his petition for contempt.

B.    Whether the court erred in denying his petition for modification of the parenting plan.

## III.    STANDARD OF REVIEW

This case was tried without a jury. We review the findings of fact made by the trial court de novo, with a presumption of correctness unless the preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d); *In re C.K.G.*, 173 S.W.3d 714, 731 (Tenn. 2005). The trial court's conclusions of law, however, are reviewed de novo and "are accorded no presumption of correctness." *Brunswick Acceptance Co., LLC v. MEJ, LLC*, 292 S.W.3d 638, 642 (Tenn. 2008).

---

[1] Father also takes issue with the court's denial of his testimony concerning Mr. Trantham's address in relation to his proximity to the Child's school. Our review of the record reveals that the court upheld the restraining order prohibiting Mother from allowing contact between Mr. Trantham and the Child. Any issue pertaining to the court's ruling on this testimony is of no consequence in this appeal.

# IV. DISCUSSION

## A.

"Civil contempt occurs when a person does not comply with a court order and an action is brought by a private party to enforce his or her rights under the order that has been violated." *Reed v. Hamilton*, 39 S.W.3d 115, 117-18 (Tenn. Ct. App. 2000). "Punishment for civil contempt is designed to coerce compliance with the court's order and is imposed at the insistence and for the benefit of the private party who has suffered a violation of his or her rights." *Id.* at 118. In general, the Tennessee Supreme Court has enumerated four essential elements of civil contempt claims based upon an alleged disobedience of a court order:

(1) the order alleged to have been violated must be "lawful;"
(2) the order alleged to have been violated must be clear, specific, and unambiguous;
(3) the person alleged to have violated the order must have actually disobeyed or otherwise resisted the order; and
(4) the person's violation of the order must be "willful."

*Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 354-55 (Tenn. 2008). Findings of civil contempt are reviewed under an abuse of discretion standard. *Id.* at 358. We review the trial court's factual findings of civil contempt with a presumption of correctness unless the evidence preponderates otherwise pursuant to Rule 13(d) of the Tennessee Rules of Appellate Procedure. *Id.* at 357. Here, the court held that Mother was compliant with the court's order, despite Father's claim to the contrary. The record supports the court's finding. We affirm the court's ruling on this issue.

## B.

Permanent parenting plans are incorporated into final divorce decrees involving minor children, and parties are required to adhere to such plans until modified by law. Tenn. Code Ann. § 36-6-404; *Armbrister v. Armbrister*, 414 S.W.3d 685, 697 (Tenn. 2013). "A custody decision, once final, is res judicata upon the facts in existence or reasonably foreseeable when the decision was made." *Scofield v. Scofield*, No. M2006-00350-COA-R3-CV, 2007 WL 624351, at *3 (Tenn. Ct. App. Feb. 28, 2007) (citing *Young v. Smith*, 246 S.W.2d 93, 95 (Tenn. 1952)). However, the law recognizes that circumstances change; therefore, the court is "empowered to alter custody arrangements when intervening circumstances require modifications." *Scofield*, 2007 WL 624351, at *2 (citing Tenn. Code Ann. § 36-6-101(a)(1)).

Tennessee Code Annotated section 36-6-101(a)(B) provides, in pertinent part, as follows:

> If the issue before the court is a modification of the court's prior decree pertaining to custody, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances that make the parenting plan no longer in the best interest of the child.

A trial court's determination of whether a material change in circumstances has occurred is a factual question. *See In re T.C.D.*, 261 S.W.3d 734, 742 (Tenn. Ct. App. 2007). Thus, appellate courts must presume that a trial court's factual findings on these matters are correct and not overturn them unless the evidence preponderates against the trial court's findings. Tenn. R. App. P. 13(d).

The only change alleged by Father in this case was that his attitude toward Mother had not affected the Child as originally suspected by the trial court. Notably, Father did not allege that his attitude toward Mother had changed or that they now worked together in an amicable manner. The record belies any such assertion as evidenced by Father's repeated filings and general contempt toward Mother. Further, the record reflects that the Child has exhibited signs of distress as a result of the Parties' inability to work together. With these considerations in mind, we affirm the court's denial of Father's petition to modify the permanent parenting plan and his requested designation as the primary residential parent.

## V.    CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Jeremy Paul Barmmer.

_____
JOHN W. McCLARTY, JUDGE