IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 17, 2024 Session

## GREYWOOD CROSSING OWNERS ASSOCIATION, INC. v. BARBARA HOLLEMAN

**Appeal from the Chancery Court for Knox County**
No. 201182-1      Don R. Ash, Senior Judge

———————————————————

**No. E2023-01369-COA-R3-CV**

———————————————————

Greywood Crossing Owners Association, Inc. ("Greywood") commenced this action to enforce the development's Declaration of Covenants and Restrictions ("the Declaration") against one of its homeowners, Barbara Holleman, who had failed to pay assessments for more than three years.[1] Specifically, the complaint asserted claims against Ms. Holleman on a sworn account to collect unpaid assessments plus attorney's fees and costs of collection as well "an Order of Sale of the Property to satisfy [Greywood's] assessment lien and judgment." Ms. Holleman, acting pro se in the trial court, filed an answer in which she denied the debt. Upon Greywood's motion for partial summary judgment, the trial court found that Ms. Holleman owed the assessments, awarded fees and costs to Greywood, and ordered Ms. Holleman to list her property for sale to satisfy the debt. When Ms. Holleman failed to list her property for sale as ordered by the trial court, Greywood filed a Rule 70 motion for specific performance, which the court granted, directing the clerk and master to sell Ms. Holleman's property. This appeal followed. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Arthur F. Knight, Knoxville, Tennessee, for the appellant, Barbara Holleman.

Reece Brassler and Kevin C. Stevens, Knoxville, Tennessee, for the appellee, Greywood Crossing Owners Association, Inc.

---

[1] Greywood also named ORNL Federal Credit Union as a defendant "due to its recorded security interest in [Ms. Holleman's] Property and for the sole purpose of determining its rights in the matter." ORNL has filed a motion on appeal stating that there was no dispute as to ORNL's rights and, accordingly, ORNL is not participating on appeal.

# MEMORANDUM OPINION[2]

## FACTS AND PROCEDURAL HISTORY

In 2016, Ms. Holleman bought a home in the Greywood Crossing subdivision in Knoxville, Tennessee. Every lot, including Ms. Holleman's, was subject to the subdivision's Declaration of Covenants and Restrictions ("the Declaration").

Article VI, § 2 of the Declaration requires Greywood to "provide exterior maintenance upon each lot," to consist of "paint repair, replacement and care of roofs, gutters, downspouts, exterior building surfaces, trees, shrubs, grass, walks and other exterior improvements." Article V, § 2 of the Declaration requires each homeowner to pay a monthly assessment, the sum of which Greywood uses "to meet its annual expenses." In addition, Article V of the Declaration gives Greywood authority to place a lien on any property for which assessments have not been paid. Further, Article V, § 5 authorizes Greywood to "bring an action at law against [the homeowner], or foreclose the lien against the lot or lots then belonging to said member."

Before purchasing her house, Ms. Holleman found a number of maintenance issues, including high levels of moisture in the basement and damage to the siding. Thus, Ms. Holleman forwarded her report to Greywood to see which repairs were the responsibility of the homeowner and which were the responsibility of Greywood.

In a letter to Ms. Holleman, Lawrence Dietz, President of Greywood's homeowners' association, informed Ms. Holleman that Greywood was responsible for "roof, siding, [and] gutter issues." Mr. Dietz also informed her that the unit Ms. Holleman was buying was "scheduled to be painted soon," at which time the "exterior wood repair items" would be addressed, "such as caulking, scraping, [and] trim around windows." Mr. Dietz also stated that "[r]oof siding boards" would be "replaced or repaired as needed." Furthermore, in Ms. Holleman's purchase contract, the seller warranted that the house was "on Greywood's schedule" for exterior repairs.

Ms. Holleman closed on the purchase of her home in June 2016, but she failed to pay any assessments thereafter. Six months later, Greywood filed a Notice of Lien with the Register of Deeds for Knox County. The Notice alleged that Ms. Holleman owed $2,323 for unpaid assessments plus filing and attorney fees.

Four years later, in October 2020, Greywood commenced this action by filing a complaint against Ms. Holleman in the Chancery Court for Knox County, Tennessee.

---

[2] Tennessee Court of Appeals Rule 10 provides, "When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Attached to the complaint was an affidavit from Greywood's property manager stating that Ms. Holleman owed $4,152.75 for past-due assessments, interest, and fees as of August 2020.

In her Answer, Ms. Holleman denied that she owed the debt and asserted that her obligation to pay was "contingent" on the "promise of work to be done" in Mr. Dietz's 2016 letter. According to Ms. Holleman, that work had not been completed.

Greywood then filed a motion for summary judgment. Greywood argued that it was entitled to judgment as a matter of law because Ms. Holleman's Answer admitted (1) that the Declaration applied to her property and (2) that she had not paid the assessments. Greywood included another affidavit from its property manager, who stated that Ms. Holleman owed $11,164.25 "in delinquent annual assessments for the Property and associated late charges and interest to Greywood" and $3,378.50 in associated attorney's fees.

In her response to the motion, Ms. Holleman asserted that she was never bound by the Declaration because she purchased the house in reliance on Mr. Dietz's 2016 letter. In support of this contention, Ms. Holleman filed numerous documents that showed her pre- and post-closing communications with Greywood. But Ms. Holleman did not file a response to contest Greywood's Statement of Undisputed Material Facts; thus, the facts Greywood relied upon in support of its motion for summary judgment were uncontested.

After giving notice to the parties, Senior Judge Don R. Ash[3] held a status conference on August 12, 2022. Ms. Holleman, however, did not participate. Then, pursuant to an order entered on August 18, 2022, Judge Ash docketed Greywood's motion for summary judgment for October 4, 2022.

When the motion came on for hearing on October 4 as scheduled, Ms. Holleman failed to appear. After the court found that Ms. Holleman received notice of the hearing because she signed for a certified letter that detailed "the date, time and location of the hearing," the court hearing proceeded without Ms. Holleman.

Pursuant to an order entered on October 12, 2022, the trial court granted Greywood's motion for partial summary judgment, awarded a monetary judgment, and ordered Ms. Holleman to list her property for sale within 30 days. The court reasoned in pertinent part as follows:

> The Court finds the only material fact close to being in dispute would be whether the terms of the Declaration apply to the Defendant's circumstances.

---

[3] In an order entered on July 7, 2022, Chief Justice Roger A. Page designated Senior Judge Don R. Ash to preside over the case after the prior trial judge recused himself.

In her Answer, Defendant argues it does not apply to her because of the alleged condition certain work was to be performed before the Declaration would be in effect. The Court finds Defendant has offered no proof to support this contention beyond her recollection of an alleged conversation(s) with Mr. Lawrence Dietz.

The court also found that, as of January 3, 2022, Ms. Holleman owed $3,378.50 "in attorney's fees associated with the collection of delinquent assessments for the Property."

About one month later, Ms. Holleman filed a motion "to strike the Order entered on October 12, 2022." Ms. Holleman asserted, *inter alia*, that there was "no evidence in the record" to show that notice of the August 12 status conference was sent.

A short time later, Ms. Holleman filed a "Motion for Relief Due to Clerical Error" along with a cashier's check for partial payment of the unpaid assessments. In her motion, Ms. Holleman challenged the judgment amount, arguing that "the amount was not discussed and no statement was ever presented."

Three months later, Greywood filed a motion for civil contempt and specific performance under Tennessee Rule of Civil Procedure 70. Greywood alleged that Ms. Holleman failed to list her house for sale as ordered and asked the court to "impose sanctions against her in the form of judicial foreclosure of the Property" and to appoint a third party to oversee the sale under Rule 70.

But before that matter could be heard—and while Ms. Holleman's first two motions for relief were still pending—Ms. Holleman filed a "Rule 60 Motion for Relief" that reiterated the arguments from her prior motions. Again, Ms. Holleman asked the court to, *inter alia*, void its judgment, dismiss Greywood's claim, release the lien, and order the parties to attend mediation.

Following a hearing in August 2023, the trial court denied Ms. Holleman's motions. The court found it undisputed that Ms. Holleman had received copies of all relevant orders and notices. Regarding Greywood's claim for civil contempt, the court found Ms. Holleman was "not in willful defiance of a court order." Nonetheless, the court found "it appropriate to order a judicial sale" of Ms. Holleman's property under Tennessee Rule of Civil Procedure 70.

This appeal followed.

## ISSUES

Ms. Holleman raised the following issues:

1. Whether the trial court erred in ordering the judicial sale of Ms. Holleman's real property at 111 Harrogate Drive, Knoxville, Tennessee 37923.

2. Whether the trial court erred in denying Ms. Holleman's motion pursuant to Tennessee Rule of Civil Procedure 60.

Greywood states the issues as follows:

1. Whether the trial court erred in granting Greywood's Motion to Enforce Decree of Specific Performance filed pursuant to Rule 70 of the Tennessee Rules of Civil Procedure against Ms. Holleman when Ms. Holleman failed to list her property for sale within 30 days of the trial court's October 12, 2022, order; and

2. Whether the trial court erred in denying Ms. Holleman's Rule 60 motion for relief from the judgment when she failed to demonstrate any clerical error, mistake, or other reason justifying relief from the trial court's orders.

**ANALYSIS**

I.

The first issue raised by Ms. Holleman reads: "Whether the trial court erred in ordering the judicial sale of Ms. Holleman's real property at 111 Harrogate Drive, Knoxville, Tennessee 37923." However, as Greywood notes in its brief, Ms. Holleman presents no argument in furtherance of her Rule 70 issue. As we discuss in the next section, her entire argument is based on the fact she was pro se at all times in the trial court, and her brief focuses solely on her Rule 60 motion.

An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7). *Trezevant v. Trezevant*, -- S.W.3d ---, No. W2023-00682-SC-R11-CV, 2024 WL 3407466, at *2 (Tenn. July 8, 2024) (quoting *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012)).

Because Ms. Holleman failed to present an argument addressing this issue, whether the trial court erred in ordering the judicial sale of her property by granting Greywood's Rule 70 motion, the issue is deemed waived.

II.

Ms. Holleman's second issue reads: "Whether the trial court erred in denying Ms. Holleman's motion pursuant to Tennessee Rule of Civil Procedure 60."

As Ms. Holleman states in her appellate brief:

The main thrust of [Ms. Holleman's] argument is that although Article V of the Declaration of Covenants and Restrictions of Greywood Crossing does provide, among other things, a vehicle for the sale of Appellant's unit in appropriate circumstances, the same should not have been granted, or ordered as done in the August 28, 2023, Order, or previously.

Apparently, at a December 16, 2022, trial over [sic] her Counterclaim, Ms. Holleman, again acting pro se, did produce certain testimony concerning her issues with her property that she claims were totally not addressed by [Greywood], and accordingly, prompted [Ms. Holleman] to withhold certain assessments and related charges. No doubt, as a result of her pro se status, [Ms. Holleman] did not submit cogent proof of damages to the satisfaction of the Trial Court. Accordingly, not only was [Greywood] allowed to recover its assessments and attorney's fees, [Ms. Holleman's] "Counterclaim" wherein she outlined her reasoning for any and all action she took, as well as all the attachments she previously submitted which appear in the record, was denied by the Court in accordance with Tennessee Rule of Civil Procedure 41.02.

(Citations omitted).

Tennessee Rule of Civil Procedure 60.02 provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the operation of the judgment.

While Ms. Holleman's brief quotes portions of Rule 60, she fails to identify any factual basis or relevant legal grounds for her contention that the trial court erred in denying her Rule 60 motion other than noting that she was pro se at all times in the trial court.

Pro se litigants are allowed certain liberties not afforded to those trained in the law, and they are entitled to fair and equitable treatment by the courts; nevertheless, "the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *See Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003); *accord Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). "Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young*, 130 S.W.3d at 63 (citations omitted).

The disposition of a motion under Rule 60 is left to the discretion of the trial judge. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010). As the Supreme Court explained:

> The standard of review on appeal is whether the trial court abused its discretion in granting or denying relief. This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).
>
> . . . The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999); *see also Keisling v. Keisling*, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).

*Id.*

Ms. Holleman's Rule 60 motion is little more than a Hail Mary prayer for relief based on the fact she was pro se. Because she has failed to present a factual or legal basis to overturn the trial court's ruling, we find no abuse of discretion with the trial court's decision. Accordingly, we affirm the trial court's decision to deny her Rule 60 motion.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellant, Barbara Holleman.

_____
FRANK G. CLEMENT JR., P.J., M.S.