IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 10, 2025

**BIOBELE GEORGEWILL V. CMH HOMES, INC.**

**Appeal from the Circuit Court for McMinn County**
**No. 24-CV-186      Michael E. Jenne, Judge**

_____

**No. E2025-00865-COA-T10B-CV**

_____

The plaintiff seeks recusal of the trial judge pursuant to Tenn. Sup. Ct. R. 10B. The trial judge denied the plaintiff's sixth motion to recuse. The plaintiff's Rule 10B petition fails to comply with the rule, and the grounds for recusal offered are without merit. We affirm the trial court's decision.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Biobele Georgewill, Chattanooga, Tennessee, pro se.

Joshua Marc Ball, Knoxville, Tennessee, for the appellee, Clayton Homes, Inc.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Apparently, Biobele Georgewill ("the plaintiff") sued CMH Homes, Inc. regarding the purchase of a new manufactured home. At some point in the litigation, the plaintiff

became unsatisfied with the trial judge, filing a total of six motions for the judge to recuse himself.[1] This Supreme Court Rule 10B appeal deals with motion number six.[2]

We note that the plaintiff is representing herself. Everyone is entitled to a fair trial, which includes an impartial judge. *Berg v. Berg*, No. M2018-01163-COA-T10B-CV, 2018 WL 3612845, at *3 (Tenn. Ct. App. July 27, 2018). Nevertheless, a pro se litigant must follow the rules of the courts. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). Otherwise, the defendant, who must also follow the rules, would not receive a fair trial. *See id.* ("[T]he courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.").

Tennessee Supreme Court Rule 10B, § 2.03 states:

The petition for recusal appeal shall contain:

(a) A statement of the issues presented for review;

(b) A statement of the facts, setting forth the facts relevant to the issues presented for review;

(c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and

(d) A short conclusion, stating the precise relief sought.

The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

---

[1] The plaintiff has also sought recusal of Justice Bivins, Judge Davis and Judge Frierson. Justice Bivins and Judge Davis are not involved in this appellate panel, so the motions as to them are moot. Judge Frierson has denied the motion to recuse him. Despite the plaintiff's contention, Judge Frierson's order denying the motion to recuse was not intended to, and did not, resolve the recusal matter of the trial judge. In documents filed after the filing of Judge Frierson's order denying recusal, the plaintiff has asked for an en banc rehearing and to declare the "appellate order" void. The Court interpreted her request as an appeal of Judge Frierson's order denying recusal. The Court appointed a new panel to review Judge Frierson's order de novo. The new panel denied the plaintiff's motion to recuse Judge Frierson. See TENN. SUP. CT. R. 10B, §§ 3.02

[2] Having determined that no answer is necessary, we opt to act summarily on this appeal. *See* TENN. SUP. CT. R. 10B, §§ 2.05, 2.06.

No copy of the motion to recuse filed in the trial court accompanies the appellate petition. This alone justifies dismissal of the petition. *See, e.g.*, *Valderrama v. Hurvitz*, No. E2024-00496-COA-T10B-CV, 2024 WL 1654496, at *3 (Tenn. Ct. App. Apr. 17, 2024).

The Rule 10B petition to the Court of Appeals and the trial court's denial of the motion to recuse states the plaintiff's recusal grounds, which are meritless. First, the plaintiff asserts that the trial judge and Mr. Charles Pope, a lawyer and a witness in the case, have a professional relationship. In the order on the fourth motion to recuse, which was included in the plaintiff's appellate filing, the trial court stated that "this Court does not have a relationship with Mr. Pope other than Mr. Pope appearing in Court." The plaintiff maintains that "Mr. Pope's unique role and involvement in the underlying facts of the case" make Mr. Pope different from other attorneys who appear before the judge. If this were so, a judge would have a conflict with any attorney or party appearing before the judge if the attorney or party has been involved in any other case before the judge. This argument is baseless. "A judge's mere familiarity with a party or attorney does not alone equate to the judge being predisposed to rule for or against that party or attorney." *Campbell v. John Hancock Life Ins. Co.*, No. E2025-00430-COA-T10B-CV, 2025 WL 1099946, at *3 (Tenn Ct. App. Apr. 14, 2025). Furthermore, because this issue was raised in the fourth motion to recuse, it is repetitive and cannot be raised again in the sixth motion or any other. [3]

As a second ground for recusal, the plaintiff asserts that she has sued the trial judge in federal court. This lawsuit, the plaintiff argues, creates a conflict requiring recusal. It does not. "[T]he filing of a lawsuit against the trial judge is normally insufficient to warrant recusal." *In re Conservatorship of Tate*, No. M2012-01918-COA-T10B-CV, 2012 WL 4086159, at *3 (Tenn. Ct. App. Sept. 17, 2012) (citing *State v. Parton*, 817 S.W.2d 28, 29-30 (Tenn. Crim. App. 1991)). "To hold otherwise would mean that a litigant could automatically disqualify a judge by the filing of a frivolous suit and would set a dangerous precedent inviting additional frivolous litigation, manipulation of the judicial system, and forum shopping." *Id*.

A third reason for recusal, according to the plaintiff, is that the trial judge "has issued a series of rulings that appear retaliatory and disproportionally harmful to the Plaintiff." She has also stated that the trial judge "accepted a forged document." "A trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). This ground is likewise without merit.[4]

---

[3] In the "Petition for Rehearing En Banc," the plaintiff states that she has repeatedly moved to disqualify the trial judge because he accepted and ruled on a falsified document and had a relationship with a witness.

[4] The plaintiff's "Motion to Transfer Venue or Panel Due to Conflict of Interest" is denied. The request for a stay of all proceedings and the "Request for Disclosure of Conflicts of Interest" are also denied. As

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Biobele Georgewill, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

costs on appeal are being taxed in this Opinion, the motion to proceed *in forma pauperis* is hereby denied as moot.