# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs August 1, 2025

## DANIEL HARVEY ET AL. V. CITY OF MEMPHIS ET AL.

**Appeal from the Circuit Court for Shelby County**
No. CT-002662-15      Rhynette N. Hurd, Judge

_____

## No. W2025-01145-COA-T10B-CV
_____

This interlocutory recusal appeal arises from the trial court's denial of a motion for recusal filed by the plaintiffs in the underlying action. The plaintiffs timely filed their petition for recusal appeal in this Court pursuant to Tennessee Supreme Court Rule 10B. Upon thorough review, we affirm the trial court's denial of the motion for recusal. We deny as moot the plaintiffs' request for a stay.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JEFFREY USMAN and VALERIE L. SMITH, JJ., joined.

Daniel Harvey and Portia Harvey, Memphis, Tennessee, Pro Se.

Randall D. Noel, Gadson W. Perry, Lauren N. Jones, and Jennifer Svilar, Memphis, Tennessee, for the appellee, City of Memphis.

Ryan A. Strain and David L. Bearman, Memphis, Tennessee, for the appellee, Memphis Light, Gas and Water.

## OPINION

### I. Factual and Procedural History

This accelerated recusal appeal stems from an underlying inverse condemnation proceeding filed in the Shelby County Circuit Court ("trial court") by the plaintiffs, Daniel Harvey and Portia Harvey ("Plaintiffs"), against the defendants, the State of Tennessee, Shelby County, the City of Memphis, and Memphis Light, Gas and Water ("MLGW"). On

or about July 7, 2025, Plaintiffs filed a motion in the trial court seeking the trial court judge's recusal.[1]  As grounds in support of their motion, Plaintiffs stated that the trial court judge had rendered factual findings concerning the accrual of their action that were adverse to Plaintiffs on more than one occasion, even after this Court had reversed or vacated the trial court's findings during two prior appeals in the underlying proceedings.  *See, e.g.*, *Harvey v. Shelby Cnty.*, No. W2022-00683-COA-R3-CV, 2023 WL 4838026, at *1 (Tenn. Ct. App. July 28, 2023) ("2023 appeal"); *Harvey v. Shelby Cnty.*, No. W2018-01747-COA-R3-CV, 2019 WL 3854297 (Tenn. Ct. App. Aug. 16, 2019) ("2019 appeal").  Plaintiffs attached various documents to their recusal motion, including transcripts from hearings conducted by the trial court in 2016, 2019, and 2022, demonstrating statements made by the trial court judge that Plaintiffs characterized as biased or prejudicial.

Regarding the procedural history of the underlying proceedings, this Court explained in its Opinion from the 2023 appeal:

> On August 16, 2019, this Court issued its decision affirming the circuit court in part, vacating in part, and remanding for further proceedings.  The dismissal of Shelby County was not at issue on appeal.  Thus, we began by reviewing the trial court's grant of the motions for judgment on the pleadings filed by the City and MLGW.  We explained that such a motion "involves the consideration of nothing other than what its title suggests; the motion requests that a court grant judgment based on the pleadings alone."  "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  The circuit court's order granting the motions for judgment on the pleadings expressly stated that the court's decision was based on "the entire record."  The order also directly cited to an engineering report attached to the complaint.  As such, we concluded that the court was required to convert the motion for judgment on the pleadings to a motion for summary judgment.  We vacated the order granting the motions for judgment on the pleadings and remanded "for consideration of this motion pursuant to the standards of Rule 56, and to give all parties a reasonable opportunity to present all material pertinent thereto."

2023 WL 4838026, at *4 (internal citations omitted).  This Court further explained that it had analyzed the trial court's grant of summary judgment to the State of Tennessee and affirmed that ruling.  *See id.*

---

[1] The only defendants remaining by the time Plaintiffs filed their recusal motion were the City of Memphis and MLGW.

After the matter was remanded to the trial court following the 2019 appeal, the City of Memphis and MLGW filed motions for summary judgment, which the trial court granted upon finding that Plaintiffs' claims had accrued no later than August 2013 and that Plaintiffs had not filed their complaint until June 2015. *See id.* at *6. Plaintiffs appealed that ruling, and in the 2023 appeal, this Court examined the evidence presented at the summary judgment stage and concluded that "more than one conclusion can reasonably be drawn from the evidence presented, precluding summary judgment." *See id.* at *13. This Court therefore reversed the trial court's grant of summary judgment and remanded the matter to the trial court. No further information regarding the trial court proceedings has been provided to this Court, aside from the proceedings concerning Plaintiffs' recusal motion.

On July 18, 2025, the trial court entered an order denying Plaintiffs' recusal motion. In this order, the court stated that Plaintiffs had failed to show any extrajudicial bias and had instead relied only on the fact that the trial court judge had made adverse rulings in the case. The trial court judge affirmatively stated that no bias or prejudice existed and found that there was no reasonable basis for questioning her impartiality. In addition, the trial court determined that Plaintiffs' recusal motion was untimely because each of the statements about which Plaintiffs' complained was made before 2023, yet Plaintiffs had not filed their motion until July 2025. The trial court accordingly denied the motion for recusal. Plaintiffs timely filed this accelerated interlocutory recusal appeal. Meanwhile, the trial court issued a stay of the underlying proceedings pending the disposition of this appeal.

## II. Issue Presented

Regarding the scope of review in a Rule 10B recusal appeal, this Court has explained:

> [T]he only order this Court may review on a Rule 10B accelerated interlocutory appeal is the trial court's order denying the motion to recuse. *Duke* [*v. Duke*], 398 S.W.3d [665,] 668 [(Tenn. Ct. App. 2012)]. Under Rule 10B, we may not "review the correctness or merits of the trial court's other rulings . . . ." *Id*.; *see also Stark* [*v. Stark*], [W2019-00901-COA-T10B-CV,] 2019 WL 2515925, at *8 [(Tenn. Ct. App. June 18, 2019)] ("[W]hether the trial judge erred in his rulings on Husband's motions is not an issue in this limited, interlocutory appeal.").

*Adkins v. Adkins*, No. M2023-00384-COA-T10B-CV, 2021 WL 2882491, at *17 (Tenn. Ct. App. April 15, 2021). Ergo, the narrow issue before us in this Rule 10B appeal is "whether the trial court erred in denying the motion for recusal." *See McKenzie v.*

*McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014) (internal citation omitted).

### III. Standard of Review

Appeals from orders denying motions to recuse are governed by Tennessee Supreme Court Rule 10B. The standard of review is *de novo* with no presumption of correctness. *See* Tenn. Sup. Ct. R. 10B, § 2.01. As the Tennessee Supreme Court has recently explained:

> "Tennessee litigants are entitled to have cases resolved by fair and impartial judges." *Cook v. State*, 606 S.W.3d 247, 253 (Tenn. 2020) (citing *Davis* [*v. Liberty Mut. Ins. Co.*], 38 S.W.3d [560,] 564 [(Tenn. 2001)]); *see also State v. Griffin*, 610 S.W.3d 752, 757-58 (Tenn. 2020). To preserve public confidence in judicial neutrality, judges must be fair and impartial, both in fact and in perception. *Cook*, 606 S.W.3d at 253; *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). To these ends, the Tennessee Rules of Judicial Conduct ("RJC") declare that judges must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Tenn. Sup. Ct. R. 10, RJC 1.2. Another provision declares that judges "shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." *Id.*, RJC 2.2.
>
> To act "impartially" is to act in "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *Id.*, Terminology. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, RJC 2.11(A).
>
> Rule of Judicial Conduct 2.11 "incorporates the objective standard Tennessee judges have long used to evaluate recusal motions." *Cook*, 606 S.W.3d at 255. "Under this objective test, recusal is required if 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* (quoting *Davis*, 38 S.W.3d at 564-65).
>
> The intermediate appellate courts have explained that the proponent of a recusal motion bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case. *Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV,

2022 WL 1115016, at \*2 (Tenn. Ct. App. Apr. 14, 2022).  A trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal.  *Raccoon Mtn. Caverns and Campground, LLC v. Nelson*, No. E2022-00989-COA-T10B-CV, 2022 WL 3100606, at \*3 (Tenn. Ct. App. Aug. 4, 2022) (quoting *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at \*2 (Tenn. Ct. App. May 14, 2008)).

*Adams v. Dunavant*, 674 S.W.3d 871, 878-79 (Tenn. 2023).  "To disqualify [a trial judge], prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case."  *Alley v. State*, 882 S.W. 2d 810, 821 (Tenn. Crim. App. 1994) (internal quotation marks and citations omitted).  We may, in our discretion, decide the appeal without oral argument.  *See* Tenn. Sup. Ct. R. 10B, § 2.06.

Regarding *pro se* litigants, this Court has determined:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts.  The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system.  However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.  Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs.  Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.  They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants.  Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

## IV. Timeliness of Recusal Motion

As a threshold question, we must address whether the trial court erred regarding its determination that the recusal motion was untimely filed. *See Cook v. State*, 606 S.W.3d 247, 254 (Tenn. 2020) ("[A] claim of judicial bias may be deemed waived if a litigant . . . fails to file a written recusal motion in a timely manner after learning the facts that form the basis of the request.") (internal citation omitted). In its order denying Plaintiffs' motion for recusal, the trial court stated:

> [T]he only events Plaintiffs complain of occurred between 2018 and 2023. Rule 10B, however, requires recusal motions to be filed "promptly after a party learns or reasonably should have learned of facts establishing the basis for recusal." Kinard v. Kinard, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). Plaintiffs have known all the facts on which they base their Motion for at least two years, yet they did not file their Motion until July 8, 2025. Plaintiffs have not filed their Motion in a timely manner.

Following our thorough review, we agree with the trial court.

Tennessee Supreme Court Rule 10B, § 1.01 provides in pertinent part:

> Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion <u>filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal.</u> The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit.

(Emphasis added.) The explanatory comments to this section clarify the intention undergirding the timeliness requirement:

> Although the rule does not state a specific period of time within which the motion must be filed, a motion under this rule should be made promptly upon the moving party becoming aware of the alleged ground or grounds for such a motion. <u>The requirement that the motion be timely filed is therefore intended to prevent a party with knowledge of facts supporting a recusal motion from delaying filing the motion to the prejudice of the other parties and the case.</u> Depending on the circumstances, delay in bringing such a motion may constitute a waiver of the right to object to a judge presiding over a matter. Further, the delay in bringing a motion or the timing of its filing may also suggest an improper purpose for the motion.

- 6 -

Tenn. Sup. Ct. R. 10B, § 1, cmt. (emphasis added).  The Tennessee Supreme Court has further elucidated:

> If a litigant knows of facts indicating that a judge cannot fulfill the judicial obligations of fairness and impartiality, the litigant should request the judge's recusal by filing a written motion.  *See* Tenn. Sup. Ct. R. 10B, § 1.01.  Recusal motions should be filed when "the facts forming the basis of that motion become known."  *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (citing *Davis v. Tenn. Dep't of Emp't Sec.*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999)).  A litigant cannot manipulate the judicial process by knowing of allegedly improper judicial conduct but remaining silent until after the legal matter has been resolved unfavorably to the litigant.  *Id.* (quoting *Tenn. Dep't of Emp't Sec.*, 23 S.W.3d at 313).  Therefore, a claim of judicial bias may be deemed waived if a litigant either fails to file a written recusal motion or fails to file a written recusal motion in a timely manner after learning the facts that form the basis of the request.  *Id.* (citing *Tenn. Dep't of Emp't Sec.*, 23 S.W.3d at 313).

*Cook*, 606 S.W.3d at 254; *see also Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) ("A party cannot know of allegedly improper judicial conduct, gamble on a favorable result by remaining silent as to that conduct, and then complain that he or she guessed wrong and does not like the outcome.") (internal quotation and punctuation marks omitted) (citations omitted); *Kinard v. Kinard*, 986 S.W.2d 220, 227-28 (Tenn. Ct. App. 1998) ("[R]ecusal motions must be filed promptly after the facts forming the basis for the motion become known, and the failure to assert them in a timely manner results in a waiver of a party's right to question a judge's impartiality.") (citations omitted).

Here, Plaintiffs asserted in their motion for recusal that the trial court judge's prejudice or bias was demonstrated by various statements that the judge made during hearings that occurred during 2016, 2018, and 2022.  However, Plaintiffs did not file their recusal motion until July 2025, more than three years after the last of the relevant hearings was conducted by the trial court.  Plaintiffs therefore knew of the trial court's statements at least three years before filing their motion.  Plaintiffs further had knowledge of this Court's opinion concerning the 2023 appeal, which they characterize as critical of the trial court's 2022 findings, for more than two years before filing their motion.  Despite this knowledge, Plaintiffs failed to file a motion for recusal before July 2025 and failed to address the timeliness issue in either their motion for recusal filed in the trial court or their petition for recusal appeal filed in this Court.[2]

---

[2] We note that in their petition for recusal appeal filed with this Court, Plaintiffs have added an assertion concerning a remark allegedly made by the trial court judge during the court's July 18, 2025 hearing to address the recusal and stay motions.  Plaintiffs aver that after the trial court denied the recusal motion, while considering whether to issue a stay of the lower court's proceedings pending the outcome of this interlocutory appeal, the trial court judge had stated that allowing the trial court proceedings to go forward

Predicated on the length of time that Plaintiffs were aware of the facts forming the basis of their recusal motion before they filed the motion, we conclude that Plaintiffs have waived their claims of judicial bias due to the motion's untimely filing. *See Cook*, 606 S.W.3d at 254. We therefore affirm the trial court's denial of the recusal motion as untimely.

## V. Bias

Even had Plaintiffs timely filed the motion, we further conclude that the trial court properly denied the motion due to Plaintiffs' failure to demonstrate extrajudicial bias. It is well settled in Tennessee that "rulings adverse to the proponent of a recusal motion are not, standing alone, grounds for recusal." *Adams*, 674 S.W.3d at 879 (internal citations omitted); *Alley*, 882 S.W.2d at 821 ("Adverse rulings by a trial court are not usually sufficient grounds to establish bias.") (citation omitted).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley*, 882 S.W.2d at 821. To merit disqualification of a trial court judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id.* "If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id.* "However, if the bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial." *Id.* That said, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *see also Alley*, 882 S.W.2d at 821. In fact, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley*, 882 S.W.2d at 821. In other words, "if the bias is alleged to stem from events occurring in the course of the litigation, the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *McKenzie*, 2014 WL 575908, at *3.

Following our thorough review of the record, we conclude that Plaintiffs have failed to demonstrate "a reasonable basis for questioning the judge's impartiality." *See State v.*

---

"would sour things even more than we already have." The trial court made no such finding in its resultant stay order, and no transcript from the hearing appears in the appellate record. Assuming, *arguendo*, that such statement was made by the trial court judge, we are unable to consider it inasmuch as (1) the statement was not made until after the trial court had denied the motion to recuse, (2) Plaintiffs accordingly did not rely on this statement in their recusal motion filed in the trial court and have raised this assertion for the first time on appeal, and (3) the only thing this Court may review on a Rule 10B accelerated interlocutory appeal is the trial court's order denying the motion to recuse. *See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

*Hester*, 324 S.W.3d 1, 73 (Tenn. 2010). Plaintiffs have demonstrated no bias stemming from "extrajudicial sources" or any bias that is sufficiently pervasive so as to deny them a fair trial. *See McKenzie*, 2014 WL 575908, at *3. We therefore affirm the trial court's denial of Plaintiffs' motion to recuse. Having adjudicated Plaintiffs' recusal appeal, we deny Plaintiffs' request for a stay of the trial court proceedings.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's denial of Plaintiffs' motion for recusal. We deny as moot Plaintiffs' request for a stay. This matter is remanded to the trial court for further proceedings. Costs of this interlocutory appeal are assessed to the appellants, Daniel Harvey and Portia Harvey.

s/ Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE