IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2026

**PAMELA MOSES v. STATE OF TENNESSEE**

**Appeal from the Claims Commission for the State of Tennessee**
**No. 0546-GL-24-0310908-001      James A. Hamilton, III, Commissioner**

_____

**No. W2025-00386-COA-R3-CV**

_____

This appeal concerns a health care liability lawsuit. Pamela Moses ("Moses") sued the State of Tennessee ("the State") in the Claims Commission after receiving dental treatment from the University of Tennessee Health Science Center ("UTHSC"). Moses alleged that her root canal was botched, leaving her injured. The State filed a motion to dismiss. The Claims Commission granted the State's motion to dismiss on multiple independent grounds including that Moses failed to file a certificate of good faith with her complaint in accordance with Tenn. Code Ann. § 29-26-122. Moses appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission
Affirmed; Case Remanded**

D. KELLY THOMAS, JR., SP. J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFFREY USMAN, J., joined.

Pamela Moses, Memphis, Tennessee, Pro Se appellant.

Heather C. Colturi, Associate General Counsel, the University of Tennessee, Office of the General Counsel, for the appellee, the State of Tennessee.

# OPINION

## Background

On November 30, 2023, Moses underwent a root canal performed by Dr. Bryan Drew Benbow, an endodontics resident and UTHSC employee, under the supervision of Dr. Harry T. Cosby. According to Moses' account of the events, complications arose after the root canal. Moses was diagnosed with an infection and cellulitis, which required additional treatment. In February 2024, Moses sent letters to the University of Tennessee administration, as well as Drs. Benbow and Cosby, informing them of her intent to file a negligence claim. Moses set out how the root canal caused her pain and injury. Moses stated that she was "prepared to provide the required physicians' affidavit/certificate of good faith as mandated by T.C.A. § 29-26-122."

Under Tenn. Code Ann. § 29-26-122, plaintiffs in health care liability actions must file certificates of good faith with their complaint. The statute provides, as relevant:

> (a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.

> ***

> (c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice unless the plaintiff consents to waive compliance with this section. If the allegations are stricken, no defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

Tenn. Code Ann. § 29-26-122 (West eff. April 23, 2012).

On May 1, 2024, Moses filed her Notice of Claim against the State with the Division of Claims and Risk Management. Moses did not file a certificate of good faith with this Notice. The case was then transferred to the Claims Commission. On August 1, 2024, Moses filed her *pro se* complaint alleging health care liability, naming as defendant "University of Tennessee Health Science Center (UTHSC) (Endodontics Department)/State of Tennessee." Moses did not file a certificate of good faith with her complaint.

In October 2024, the State filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6). The State argued, among other things, that dismissal was required because Moses failed to file a certificate of good faith with her complaint in accordance with Tenn. Code Ann. § 29-26-122. The State also contended that the pre-suit notice was insufficient. On October 24, 2024, the Commissioner of the Claims Commission granted Moses until November 25, 2024, to respond to the State's motion to dismiss. On November 25, 2024, Moses filed a "Certificate of Consultation and Good Faith," an amended complaint, and a response to the State's motion to dismiss. It was Moses' position that her amended complaint cured any issue related to her original failure to file a certificate of good faith. In her amended complaint, Moses identified individual doctors, including Dr. Benbow, as defendants in addition to UTHSC. Moses also filed a "motion to strike irrelevant collective exhibits." In turn, the State filed a motion to strike Moses' certificate of good faith and amended complaint. The State also filed a "reply in support of its motion to dismiss and response in opposition to claimant's motion to strike exhibits" in which the State argued that Moses could not cure her failure to file a certificate of good faith with her original complaint by way of filing one with an amended complaint and that, even if she could, the certificate she filed with the amended complaint was defective. On January 16, 2025, Moses filed a motion seeking additional time to file an amended complaint in the event the Claims Commission found she needed leave to do so. Moses asked the Claims Commission to deem her amended complaint as having been properly filed on November 25, 2024, or at least by January 16, 2025, when she filed her motion to amend. Additional procedural history unfolded, and neither party requested oral argument.

In February 2025, the Commissioner entered his final order in which he granted the State's motion to dismiss and to strike. The Commissioner ruled that Moses' pre-suit notice was sufficient. Nevertheless, the Commissioner dismissed Moses' case on grounds that she failed to file a certificate of good faith with her original complaint in accordance with Tenn. Code Ann. § 29-26-122 or file a properly supported motion for an extension of time. The Commissioner found further that the certificate of good faith filed by Moses with her amended complaint was inadequate as it merely stated that Moses had

consultations with experts, and that she failed to identify individual defendants in the certificate. The Commissioner also ruled that the Claims Commission lacked jurisdiction to consider Moses' claim for intentional infliction of emotional distress, as well as Moses' request for punitive damages. The Commissioner denied Moses' motion for additional time and to strike certain exhibits. Moses timely appealed to this Court.[1]

## **Discussion**

Moses raises several issues on appeal, and the State raises separate issues concerning whether Moses' appeal should be dismissed for various briefing failures. We restate and consolidate the issues raised by the parties on appeal as follows: 1) whether Moses' appeal should be dismissed for noncompliance with the rules of briefing; 2) whether Moses was denied a meaningful opportunity to be heard; and 3) whether the Commissioner erred in granting the State's motion to dismiss.

This is an appeal of a grant of a motion to dismiss. We review the Commissioner's granting of the State's motion to dismiss *de novo* with no presumption of correctness. *Cothran v. Durham Sch. Servs., L.P.*, 666 S.W.3d 369, 375 (Tenn. Ct. App. 2022).

We first address whether Moses' appeal should be dismissed for noncompliance with the rules of briefing. The State argues that Moses failed to properly cite the record or to legal authority as required by Tennessee Rule of Appellate Procedure 27(a)(7). Moses' brief contains several errors in legal citation and at least one fictitious case. In addition, Moses fails to cite to the appellate record. We disregard any legal authorities cited by Moses that we cannot verify as authentic. However, in view of Moses' *pro se* status, the straightforwardness of the issues on appeal, the relative brevity of the record, and our

---

[1] On October 27, 2025, this Court entered an administrative order concerning the failure of appellee Bryan Drew Benbow to file a brief. On November 14, 2025, we entered an order directing Dr. Benbow to file a brief or show cause why this appeal should not be decided on the record and the State's and Moses' briefs only. Moses then filed a "motion for finding of waiver" asking that we find that Dr. Benbow waived his ability to defend this appeal. The State, for its part, filed a motion asserting that we wrongly listed Dr. Benbow as a party and asking that we remove him as a party pursuant to Tenn. R. App. P. 19(e), *nunc pro tunc* to March 18, 2025, when this appeal was docketed. The State goes further and argues that we lacked subject matter jurisdiction to list Dr. Benbow as a party to begin with, citing among other cases *Myers v. Hurst Constr. Co.*, No. 01-A-01-9609-CV-00397, 1997 WL 92078, at *2 (Tenn. Ct. App. Mar. 5, 1997), *no appl. perm. appeal filed* (stating that the Claims Commission has no jurisdiction against individuals). The State goes further still, asking that we vacate our October 27, 2025, administrative order, and direct the Clerk's Office to eliminate any metadata showing that Dr. Benbow ever was a party to this appeal. Based on our review of the record, the inclusion of Dr. Benbow as a party-appellee was erroneous. We therefore vacate our October 27, 2025, administrative order concerning Dr. Benbow and our November 14, 2025, show cause order. Dr. Benbow is dismissed as a party. We deny the State's other requested relief. We also deny Moses' motion for finding of waiver.

general preference to resolve cases on their merits, we decline to dismiss Moses' appeal for noncompliance with the rules of briefing.

We next address whether Moses was denied a meaningful opportunity to be heard. Moses asserts that the Claims Commission wrongly held her to the same standard as a licensed attorney; that her due process rights were violated because her case was dismissed without a hearing; and that the legislative intent of Tenn. Code Ann. § 29-26-122 was misapplied to yield an unduly harsh result. The State argues that Moses failed to raise these purported issues below; therefore they are waived. However, the issues Moses raises regarding the alleged violations of her rights and unfair treatment as a *pro se* litigant do not stem from anything she could have raised before the Claims Commission at the time. Therefore, she has not waived these issues for failure to raise them below.

With respect to Moses' assertion that she was denied a hearing, we note that no hearing was requested.[2] Moses was able to, and did, file papers setting out her arguments in writing. Therefore, Moses was able to make her case; she simply did not prevail. As for Moses' contention that she was treated unfairly as a *pro se* litigant, we have observed that "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). We find no evidence in this record that Moses was ever treated unfairly by the Claims Commission, which specifically considered *pro se* status in finding the pre-suit notice sufficient. Finally, Moses argues that Tennessee's health care liability jurisprudence is unduly harsh and places procedural exactitude over substantive merit. Moses also cites Tenn. Code Ann. § 9-8-307(a)(3) and its provision that the jurisdiction of the Claims Commission is to be liberally construed. However, the jurisdiction of the Claims Commission is not at issue. Respectfully, we discern Moses' argument to be of a policy nature. Such views are better addressed to the Tennessee General Assembly than to this Court. In sum, Moses has failed to demonstrate that she was denied a meaningful opportunity to be heard.

The final issue we address is whether the Commissioner erred in granting the State's motion to dismiss. In this case, the Claims Commission concluded that Moses was required to file a certificate of good faith with her original complaint and that her failure to file either the certificate or a motion for extension of time under Tenn. Code Ann. § 29-26-122 required dismissal of her complaint. The Commissioner went on to find that, "[e]ven if it is assumed Claimant could correct her deficiency by filing an Amended Complaint," the certificate accompanying the proposed amendment was deficient in two separate ways. One, the Commissioner found that under Tenn. Code Ann. § 29-26-122(a)(2)(B), the

---

[2] The standing initial order governing regular docket claims in the Claims Commission contained in the appellate record reflects that "[t]he Commission will normally decide motions on the written submissions, unless a party submits a written request for oral argument of the motion or requested by the Commissioner."

certificate must be based on the medical records reviewed or another good faith basis, whereas Moses simply said that she had consultations with experts. Two, the Commissioner stated that the certificate was non-compliant for failure to identify specific defendants.

Moses argues on appeal that filing a certificate of good faith with an amended complaint cures any error. However, she offers no argument on the Claims Commission's alternative holding that the certificate of good faith filed with the amended complaint in this instance is defective. "The failure to challenge [an] independent alternative ground requires this court to affirm the trial court's ruling without considering the issue that was raised on appeal." *Ramos v. Caldwell*, No. M2022-00222-COA-R3-CV, 2023 WL 1776243, at *4 (Tenn. Ct. App. Feb. 6, 2023). "[W]here a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds, we must affirm the judgment of the trial court on the ground that was not challenged on appeal." *Buckley v. Elephant Sanctuary in Tennessee, Inc.*, 639 S.W.3d 38, 55 (Tenn. Ct. App. 2021).

Given the alternative bases of the Commissioner's ruling, Moses cannot prevail in this appeal because she has not challenged the finding that the certificate attached to the amended complaint was defective. We therefore affirm.

## Conclusion

The judgment of the Claims Commission is affirmed, and this cause is remanded to the Claims Commission for collection of the costs below. The costs on appeal are assessed against the Appellant, Pamela Moses, and her surety, if any.

_____
D. KELLY THOMAS, JR., SPECIAL JUDGE